IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE OF CONNECTICUT, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>SANDOZ, INC., *et al.*,<br>*Defendants*. | 3:20-CV-00802 (MPS)<br><br><br><br><br>August 16, 2024 |

## MOTION TO MODIFY DAUBERT BRIEFING SCHEDULE

The States, on behalf of, and with the consent of, all the parties in this Action, respectfully request that the Court modify the schedule in this matter pursuant to Federal Rule of Civil Procedure 16(b) and Local Rules 7(b) and 16(b) to align the deadline for filing *Daubert* motions to exclude expert testimony with the deadlines for filing motions for summary judgment or motions *in limine*. In particular, the States request two modifications to the schedule in this case. These modifications will extend the date by which the States must respond to Defendants' pending *Daubert* motions (ECF Nos. 336, 337, 339, 341, and 344). The States have provided the proposal to Defendants, and Defendants have consented to the proposal.

First, the States request that the deadline at which any party must file a *Daubert* motion against an expert or expert opinion whose report or deposition testimony is cited in support of or in opposition to a motion for summary judgment brief be the date seven days after a reply to that motion for summary judgment is due. The States request that responses to all *Daubert* motions be due 45 days after those initial *Daubert* deadlines to align the *Daubert* response deadlines with the parties' proposed summary judgment schedule.

Second, the States request that the deadline for filing a *Daubert* motion against an expert or expert opinion not included in the first category, and for filing motions *in limine* against any expert or expert opinion on grounds other than those in the original *Daubert* motion, be the

1

deadline at which motions *in limine* are due. This date, and the date for responses, will be set once the Court schedules the trial in this case. *See* Joint Trial Memorandum Instructions for The Honorable Michael P. Shea at 4 ("counsel shall file motions in limine . . . , including any issues relating to the admissibility of expert testimony under Fed. R. Evid. 702–05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)), line of cases, **no later than 30 days before the first pretrial conference set by the Court**") (emphasis in original).[1]

Since the Court adopted the parties' joint proposed summary judgment schedule, ECF Nos. 369, 354 at 2, if it grants this motion, then the full proposed *Daubert* schedule is set forth in the table below. Granting this motion will extend the response deadline on Defendants' pending *Daubert* motions (ECF Nos. 336, 337, 339, 341, and 344) to a date in the table below based on whether the States or Defendants cite these experts' reports or testimony in summary judgment motions, responses, or replies.

| Date | Deadline |
|---|---|
| February 6, 2025<br>(7 Days after State DPA Summary Judgement Motion Reply Deadline) | • *Daubert* motion against any expert or expert opinion whose report or deposition testimony is cited in support of or in opposition to DPA motion for summary judgment briefing due. |
| March 23, 2025<br>(45 days) | • Responses to February 6, 2025, *Daubert* motions due. |
| April 14, 2025<br>(7 Days After Group 2 Summary Judgment Motion Reply Deadline) | • *Daubert* motion against any expert or expert opinion whose report or deposition testimony is cited in support of or in opposition to a Group 2 motion for summary judgment briefing due |
| May 29, 2025<br>(45 days) | • Responses to April 14, 2025, *Daubert* motions due. |

---

[1] Available at https://www.ctd.uscourts.gov/sites/default/files/Joint%20Trial% 20Memorandum%20 Instructions%20%28as%20of%207.9.14%29.pdf.

| | |
|---|---|
| December 1, 2025<br>(7 Days after Group 3 Summary Judgment Motion Reply Deadline) | • *Daubert* motion against any expert or expert opinion whose report or deposition testimony is cited in support of or in opposition to a response to a Group 3 motion for summary judgment due |
| January 15, 2026<br>(45 days) | • Responses to December 1, 2025, *Daubert* motions due. |
| Date motions *in limine* are due<br>(to be set once trial is scheduled, responses due 45 days later) | • *Daubert* motion against any expert or expert opinion not previously subject to a *Daubert* motion due.<br>• Motions *in limine* against experts or expert opinions on grounds other than prior *Daubert* motion due. |

MDL Pretrial Order ("PTO") 234, as amended by PTO 262, set the initial schedule for completing expert discovery and filing dispositive motions in this Action. *See* ECF Nos. 156-14, 156-15. Under this schedule, Defendants served eleven expert reports on April 26, 2024. Defendants also served *Daubert* motions against all five State experts on April 26, 2024. Under PTO 262, the States' rebuttal reports and responses to those Daubert motions were due on August 2, 2024. On July 9, 2024, this Court extended the deadline by which the States must "file responses to the Defendants' *Daubert* motions as to the State Plaintiffs' experts" and "*Daubert* motions as to the Defendants' experts" to August 26, 2024, with Defendants' *Daubert* responses in opposition due by September 27, 2024. ECF No. 308. The States move to modify these deadlines. This is the second motion to extend the referenced deadlines in this Court.

Good cause exists to extend the *Daubert* deadlines in this case. As the Court noted at the August 1, 2024, status conference, *Daubert* motions are a form of motion in limine. *Rozbicki v. Max Cycles CT, LLC*, No. 3:14-cv-1422 (RNC), 2017 U.S. Dist. LEXIS 158560, at *6 (D. Conn. Sep. 27, 2017) ("Normally, a challenge to the admissibility of expert testimony is presented by a motion in limine under Federal Rule of Evidence 104(a)."). It is more efficient for the parties and

the Court to defer the *Daubert* process until it is necessary to resolve evidentiary disputes at summary judgment or trial. *See Horton v. Guillot*, No. 1:14-CV-1050, 2016 U.S. Dist. LEXIS 112005, at *25 (N.D.N.Y. Aug. 23, 2016) (because "Defendant does not contend that the result of precluding the experts' opinions would be to eliminate the evidence necessary for a jury to find in Plaintiffs' favor," the "*Daubert* motion instead goes to the evidence which may be produced at trial and is more properly a motion *in limine* than a motion to be brought" at the summary judgment stage; reserving ruling on the motion "until the time of trial").

The interests of efficiency and judicial economy are particularly well served by extending the *Daubert* deadline in this case. Defendants intend to file "approximately 31 total motions [for summary judgment] across both Groups," any one of which could — if granted — remove certain defendants or drugs from the case. ECF No. 354 at 5. The States' damages experts would then have to adjust their estimates based on the drugs and defendants remaining in the case after the summary judgment phase concludes, and these adjustments could themselves be challenged *in limine*. It is more efficient for the parties and the Court to consider whether an expert's testimony is admissible only when it is necessary, generally after summary judgment solidifies which claims will be tried and what expert testimony will be offered in support of them.

Delaying the *Daubert* deadline as requested above also aligns the *Daubert* deadlines related to the new expert replacing Dr. Rubinfeld with the joint proposal adopted on MSJ scheduling and obviates the need for further meet and confers about the *Daubert* deadlines related to that expert. *See* ECF No. 368.

Finally, if this motion is granted, Defendants intend to withdraw their pending *Daubert* motions without prejudice. Defendants' *Daubert* motions would be filed later in accordance with the schedule proposed herein.

DATED: August 16, 2024

Respectfully submitted,

STATE OF CALIFORNIA
ROB BONTA
ATTORNEY GENERAL

*/s/ Sophia TonNu*
Sophia TonNu
Federal Bar No. ct207892
Deputy Attorney General
Healthcare Rights and Access Section
California Office of the Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, Ca. 94102
Tel: (415) 510-3529
Sophia.Tonnu@doj.ca.gov

*Counsel for the State of California*

STATE OF CONNECTICUT
WILLIAM TONG
ATTORNEY GENERAL

*/s/ Joseph Nielsen*
W. Joseph Nielsen
Federal Bar No. ct20415
Assistant Attorney General
Connecticut Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel: (860) 808-5030
Fax: (860) 808-5391
Joseph.Nielsen@ct.gov

*Counsel for the State of Connecticut*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2024, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ W. Joseph Nielsen*
Assistant Attorney General