## THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE OF CONNECTICUT, et al., | No. 3:16-cv-02056-MPS |
| *Plaintiffs,* | |
| v. | |
| AUROBINDO PHARMA USA, INC., et al., | |
| *Defendants.* | |
| STATE OF CONNECTICUT, et al., | No. 3:19-cv-00710-MPS |
| *Plaintiffs*, | |
| v. | |
| TEVA PHARMACEUTICALS USA, INC. et al., | |
| *Defendants*. | |
| STATE OF CONNECTICUT, et al., | No. 3:20-cv-00802-MPS |
| *Plaintiffs*, | |
| v. | |
| SANDOZ, INC., et al., | |
| *Defendants*. | April 1, 2025 |

## ORDER GRANTING FINAL APPROVAL OF PLAINTIFF STATES' SETTLEMENT WITH HERITAGE DEFENDANTS AND DEFERRING A DISTRIBUTION PLAN.

Plaintiff States and Heritage Pharmaceuticals Inc., Emcure Pharmaceuticals Ltd., and Satish Mehta ("Heritage Defendants") entered into a Settlement Agreement resolving the States' claims against Heritage Defendants asserted in *Connecticut et al. v. Aurobindo Pharma USA, Inc.*, *et al.*, 3:16-cv-02056; *Connecticut et al. v. Teva Pharmaceuticals USA, Inc*., *et al.,* 3:19-cv-00710; and *Connecticut et al. v. Sandoz, Inc*., *et al.,* 3:20-cv-00802 ("Settlement"). An Order for preliminary approval of the Settlement was entered by this Court on December 2, 2024. The Settlement is now presented to the Court on the States' Motion for Final Approval of Settlement

with Heritage Pharmaceuticals Inc., Emcure Pharmaceuticals Ltd., and Satish Mehta ("States' Motion for Final Approval") pursuant to the state laws specified in Plaintiff States' Memorandum of Law in Support of the States' Motion for Final Approval of Settlement with Heritage Defendants. **NOW**, upon review and consideration of the Plaintiff States' Motion for Final Approval and supporting filings, and for good cause shown, it is hereby **ORDERED, ADJUDGED, AN DECREED** as follows:

1. The Court has jurisdiction over this action and each of the parties.

2. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement.

3. The Court has reviewed and assessed the fairness, reasonableness, and adequacy of the Settlement and finds that the Settlement is the product of arm's-length, informed, and non-collusive negotiations, has no obvious deficiencies, and is fair, reasonable, and appropriate and thus entitled to final approval.

4. The Court finds the Settlement satisfies the requirements of the applicable state laws and due process.

5. The Court finds that the dissemination of Notice to Eligible Consumers and the establishment and maintenance of a dedicated website were implemented in accordance with the Order granting preliminary approval, satisfies due process, and constituted the best notice practicable under the circumstances.

6. The States' Motion for Final Approval is GRANTED, and the Court approves the Settlement in its entirety.

7. All Eligible Consumers who submitted valid requests for exclusion from the Settlement on or by February 13, 2025, shall not be bound by the Settlement as it relates to the Settlement and may not make any claim or receive any benefit from the Settlement.

8.  All Eligible Consumers who did not submit valid and timely requests for exclusion from the Settlement as provided for by the Notice Plan or failed to comply with the instructions contained in the Notice Plan shall be bound by the Settlement.

9.  The Court finds that no timely objections were made to the Settlement, which supports this Court's finding that the Settlement is fair, reasonable, and appropriate.

10. The Settlement fully and finally compromises, settles, and resolves the States' claims against Heritage Defendants subject to the terms and conditions set forth in the Settlement.

11. The Court approves the allocation and distribution of $4 million of the Settlement Payment, held in the Cost Account escrow, to the States for the payment of Settlement Administration Costs and to fund the States' continued litigation against the remaining defendants in the States' Actions.

12. Approval of an allocation and distribution plan for the Restitution Account is deferred until a later date and upon a motion made by the States.

13. The States shall submit for the Court's consideration a motion to approve an allocation and distribution plan for the Settlement's Restitution Account at an appropriate future time when a distribution plan can include additional settlements and is appropriate and efficient.

14. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order.
It is so ORDERED.

BY THE COURT:

/s/
_____
Hon. Judge Michael. P Shea
United States District Court