**APPENDIX A TO MOTION FOR SUMMARY JUDGMENT ON STATE REMEDIES**

**STATES APPLYING *ASSOCIATED GENERAL CONTRACTORS OF CALIFORNIA, INC. V. CALIFORNIA STATE COUNCIL OF CARPENTERS* ("*AGC*"), 459 U.S. 519 (1983) REQUIREMENTS**

| State | Authority |
|---|---|
| **Alaska**<br><br>Alaska Restraint of Trade Act<br>Alaska Stat. Ann. §§ 45.50.562 *et seq.* | *Curtis v. Providence Health & Servs.*, No. 3:18-CV-0281-HRH, 2019 WL 1051179, at *5 (D. Alaska Mar. 5, 2019) (applying *AGC* factors to dismiss Alaska state law claim for lack of standing); *Alaska Rent-A-Car, Inc. v. Cendant Corp.*, No. 3:03CV00029 TMB, 2007 WL 2206784, at *26 (D. Alaska July 27, 2007) ("[T]he Alaska Supreme Court is generally guided by federal Sherman Act cases when construing Alaska's anti-trust act."). |
| **Arizona**<br><br>Uniform State Antitrust Act<br>Ariz. Rev. Stat. Ann. §§ 44-1401 *et seq.* | *Luscher v. Bayer A G*, No. CV–2004–014835, 2005 WL 6959406, at *1–2 (Ariz. Super. Ct. Sept. 16, 2005) (applying *AGC* factors and dismissing claim for lack of standing). |
| **California**<br><br>Cartwright Act<br>Cal. Bus. & Prof. Code § 16700 *et seq.* | *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 19 F.4th 127, 134, 144 (2d Cir. 2021) ("[T]he lack of proximate cause in this case means that the appellants cannot state a claim under the [California] Cartwright Act."); *Schwab Short-Term Bond Mkt. Fund v. Lloyd's Banking Grp. PLC*, 22 F.4th 103, 120 (2d Cir. 2021) ("California law substantially incorporates the *AGC* factors"); *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 n.23 (E.D. Va. Aug. 16, 2024) (including California in list of states that "either explicitly apply the factors from AGC or use a substantially similar test"); *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) ("Two California appellate courts have applied the *AGC* test. . . . The Court will thus apply the *AGC* test to the California antitrust claim."); *Vinci v. Waste Mgmt., Inc.*, 36 Cal. App. 4th 1811, 1814 (Cal. Ct. App. 1995) (applying *AGC* factors and dismissing antitrust claim). |

| State | Authority |
|---|---|
| **Colorado**<br><br>Colorado State Antitrust Act<br>Colo. Rev. Stat. Ann. § 6-4-101 *et seq.* | *Smalley & Co. v. Emerson & Cuming, Inc.*, 808 F. Supp. 1503, 1516 (D. Colo. 1992), *aff'd*, 13 F.3d 366 (10th Cir. 1993) ("Because both the case law and the legislative history suggest that the federal and state statutes should be construed together, [the] analysis on plaintiff's federal antitrust claims applies equally to the state law antitrust claim."); *Winther v. DEC Intern., Inc.*, 625 F. Supp. 100, 104 (D. Colo. 1985) ("Since the purpose of the state and federal antitrust laws is identical, there is no reason to doubt that the two have similar standing requirements."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Connecticut**<br><br>Connecticut Antitrust Act<br>Conn. Gen. Stat. Ann. § 35-24, *et seq.* | *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 (E.D. Va. Aug. 16, 2024) (including Connecticut in list of states that "either explicitly apply the factors from AGC or use a substantially similar test"); *In re Cattle & Beef Antitrust Litig.*, 687 F. Supp. 3d 828, 841 n.5 (D. Minn. 2023) ("Connecticut would also apply *AGC* because its statutes and cases indicate intent to harmonize with federal antitrust law, which is sufficient basis to conclude that Connecticut would apply *AGC*."); *Tremont Pub. Advisors, LLC v. Conn. Res. Recovery Auth.*, 217 A.3d 953, 959 n.7, 966 (Conn. 2019) ("We conclude therefore, that, to have standing to bring a claim under the antitrust act, a plaintiff must adequately plead both that it has suffered an antitrust injury and that it is an efficient enforcer of the antitrust act."). |
| **Delaware**<br><br>Delaware Antitrust Act<br>Del. Code Ann. tit. 6, § 2101, *et seq.* | Del. Code Ann. tit. 6, § 2113 ("This chapter shall be construed in harmony with ruling judicial interpretations of comparable federal antitrust statutes."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **District of Columbia**<br><br>District of Columbia Antitrust Act<br>D.C. Code § 28- 4501, *et seq.* | *Peterson v. Visa U.S.A. Inc.*, No. 03-8080, 2005 WL 1403761, at *4–5 (D.C. Super. Ct. Apr. 22, 2005) (applying *AGC* factors to DC claim); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 542 (N.D. Ill. 2019) ("[T]he *Peterson* decision and the deferential harmonization provision remain the best indicators of how the District of Columbia Court of Appeals (the highest court in the District of Columbia) would address the issue, and both lean in favor of applying *AGC* to Plaintiffs' antitrust claim under District of Columbia law."). |

| State | Authority |
|---|---|
| **Florida**<br><br>Florida Antitrust Act of 1980<br>Fla. Stat. Ann. § 542.15, *et seq.*<br><br>Florida Deceptive and Unfair Trade Practices Act<br>Fla. Stat. Ann. § 501.201, *et seq.* | Fla. Stat. Ann. § 542.32 ("It is the intent of the Legislature that, in construing this chapter, due consideration and great weight be given to the interpretations of the federal courts relating to comparable federal antitrust statutes."); *Sunbeam Television Corp. v. Nielsen Media Rsch., Inc.*, 711 F.3d 1264, 1273-74 (11th Cir. 2013) (affirming dismissal of Florida Antitrust Act claim by applying *AGC* factors where the party "failed to establish that it was an efficient enforcer of the antitrust laws."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Idaho**<br><br>Idaho Competition Act<br>Idaho Code Ann. § 48-101, *et seq.* | Idaho Code Ann. § 48-102(3) ("The provisions of this chapter shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes and consistent with this chapter's purposes, as set forth in subsection (2) of this section."); *Patton v. E. Idaho Reg'l Med. Ctr.*, 19 F.3d 28 (9th Cir. 1994) (applying *AGC* to affirm dismissal of Idaho and federal claims as injuries were "remote and tangential to the alleged antitrust violation."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Illinois**<br><br>Illinois Antitrust Act<br>740 Ill. Comp. Stat. Ann. 10/1, *et seq.* | *Oliver v. Am. Express Co.*, No. 19CV00566NGGSJB, 2021 WL 386749, at *2 (E.D.N.Y. Feb. 1, 2021) ("In light of that reliance on *AGC* by an Illinois appellate court, as well as Plaintiffs' failure to present contrary authority from Illinois courts, the court joins the Seventh Circuit and courts in the Northern District of Illinois in holding that Illinois would apply the *AGC* factors to claims brought under its antitrust statute."); *United States ex rel. Blaum v. Triad Isotopes, Inc.*, 104 F. Supp. 3d 901, 930 (N.D. Ill. 2015) ("[T]he [c]ourt sees no reason why the Illinois Supreme Court would not follow *AGC*."); *O'Regan v. Arb. Fs., Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997) ("Federal antitrust standing rules apply under the Illinois Antitrust Act."); *Cnty. of Cook v. Philip Morris, Inc.*, 817 N.E.2d 1039, 1045-47 (Ill. App. Ct. 2004) (favorably citing *AGC*). |

3

| State | Authority |
|---|---|
| **Indiana**<br><br>Indiana Monopoly Act<br>Ind. Code Ann. § 24-1-2-1, *et seq.* | *Thompson v. Vigo Cnty Bd. of Cnty Comm'rs*, 876 N.E.2d 1150, 1155 (Ind. Ct. App. 2007) ("[Indiana] courts use decisional law under the similar federal antitrust law."); *Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 603 F. Supp. 1077, 1086–87 (S.D. Ind. 1985), *aff'd*, 784 F.2d 1325 (7th Cir. 1986) ("Because the same elements must be proved to establish a violation of the Indiana Monopoly Act, I.C. § 24–1–2–1, as must be proved to establish a violation of the Sherman Act, § 1, or § 2, there need be no separate discussion of Plaintiffs' state antitrust claims. Those fail along with their Sherman Act claims.") (internal citations omitted); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Iowa**<br><br>Iowa Code Ann.<br>§ 553.1, *et seq.* | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 542 (N.D. Ill. 2019) ("[T]he Iowa Supreme Court has continued to apply *AGC*. . . . AGC applies to Plaintiffs' antitrust claim under Iowa law."); *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 198 (Iowa 2007) ("[W]e apply the *AGC* factors to determine whether the plaintiffs may recover under Iowa law."); *Nemickas v. Linn Cnty. Anesthesiologists, P.C.*, 919 N.W.2d 637, *3-6 (Iowa Ct. App. 2018) (applying *AGC* factors to Iowa antitrust laws and finding that plaintiff lacked antitrust standing). |
| **Kansas**<br><br>Kansas Restraint on Trade Act<br>Kan. Stat. Ann. § 50-101, *et seq.* | Kan. Stat. Ann. § 50-163(b) ("Except as otherwise provided . . ., the Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States supreme court . . . ."); *Orr v. Beamon*, 77 F. Supp. 2d 1208, 1211 (D. Kan. 1999), *aff'd sub nom. Orr v. BHR, Inc.*, 4 F. App'x 647 (10th Cir. 2001) ("[T]he court concludes that standing under the Kansas antitrust statutes requires an antitrust injury similar to that required under the Sherman and Clayton Acts."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."); *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F.Supp.2d 1072, 1094-95 (N.D. Cal. 2007) ("[T]he court concludes that plaintiffs' antitrust standing under the antitrust statute[] of Kansas . . . is to be determined with reference to the *AGC* factors."). |

\\4126-5517-0901 v1

| State | Authority |
|---|---|
| **Kentucky**<br><br>Kentucky Consumer Protection Act<br>Ky. Rev. Stat. Ann. § 367.175–176 | *Racetech, LLC v. Kentucky Downs, LLC*, 169 F. Supp. 3d 709, 717 (W.D. Ky. 2016) ("The Court must next address Defendants' claims under the Kentucky Consumer Protection Act, KRS 367.175(1)-(2), which Kentucky courts have interpreted as being analogous to Sections 1 and 2 of the Sherman Antitrust Act."); *NFINITYLINK Commc'ns, Inc. v. City of Monticello*, Kentucky, No. CV 6:20-208-KKC, 2021 WL 2077797, at *7 (E.D. Ky. May 24, 2021) ("Both Kentucky state courts and federal district courts in Kentucky have analyzed Kentucky state antitrust claims under the same framework as federal antitrust claims."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Maine**<br><br>Me. Rev. Stat. Ann. § 1101, *et seq.* | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 543 (N.D. Ill. 2019) (applying "all *AGC* factors in analyzing Plaintiffs' claim under Maine law"); *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F.Supp.2d 1072, 1094-95 (N.D. Cal. 2007) ("[T]he court concludes that plaintiffs' antitrust standing under the antitrust statute[] of . . . Maine . . . is to be determined with reference to the *AGC* factors."); *Knowles v. Visa U.S.A., Inc.*, No. CIV.A. CV-03-707, 2004 WL 2475284, at *5 (Me. Super. Oct. 20, 2004) (applying *AGC* factors to Maine state law claim). |
| **Maryland**<br><br>Maryland Antitrust Act<br>Md. Com. Law Code Ann. §§ 11–201 *et seq.* | Md. Code Ann., Com. Law § 11-202(a)(2) ("It is the intent of the General Assembly that, in construing this subtitle, the courts be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters."); *Oliver v. Am. Express Co.*, No. 19CV00566NGGSJB, 2021 WL 386749, at *3 (E.D.N.Y. Feb. 1, 2021) ("The view of Maryland's antitrust statute as comparable to its federal analogue, coupled with the state's harmonization provision and the Maryland decision in *Waldorf Shopping Mall*, suggests that Maryland courts would apply the *AGC* factors to claims brought under Maryland's antitrust law."). |
| **Massachusetts**<br><br>Massachusetts Antitrust Act<br>M.G.L. c. 93A §§ 2, 4 | Mass. Gen. Laws Ann. ch. 93, § 1 ("This chapter shall be construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |

| State | Authority |
|---|---|
| **Michigan**<br><br>Michigan Antitrust Reform Act<br>Mich. Comp. Laws Ann. § 445.771, *et seq.* | Mich. Comp. Laws Ann. § 445.784 ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes, including, without limitation, the doctrine of per se violations and the rule of reason."); *Stark v. Visa U.S.A. Inc.*, No. 03-055030-CZ, 2004 WL 1879003, at *4 (Mich. Cir. Ct. July 23, 2004) ("[W]hile Michigan appellate courts have not developed a test for determining when a plaintiff's injury is too remote to permit suit under MARA, the Act requires courts to give 'due deference to interpretations given by the federal courts to comparable antitrust statutes.'"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, 260 (S.D.N.Y. 2019) ("The Michigan Supreme Court . . . would apply the *AGC* factors."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *10 (N.D. Ill. June 29, 2015) ("[T]he Michigan Supreme Court would apply the *AGC* factors to assess antitrust standing, and the Court sees no evidence to the contrary, binding or otherwise"). |
| **Minnesota**<br><br>Minnesota Antitrust Law of 1971<br>Minn. Stat. Ann. § 325D.49, *et seq.* | Although Minnesota courts do not apply *AGC*, they do consider "proximate causation and directness," and those principles dictate the same outcome in this case. *In re Cattle & Beef Antitrust Litig.*, 687 F. Supp. 3d 828, 841 (D. Minn. 2023) ("The Court will also dismiss the antitrust claim arising under Minnesota law because, though Minnesota does not apply *AGC* explicitly, it similarly considers proximate causation and directness, which Plaintiffs failed to establish."). |
| **Mississippi**<br><br>Miss. Code Ann. 75-24-1, *et seq.* | *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 (E.D. Va. Aug. 16, 2024) (including Mississippi in list of states that "either explicitly apply the factors from *AGC* or use a substantially similar test."). |
| **Missouri**<br><br>Missouri Antitrust Law<br>Mo. Rev. Stat. § 416.011, *et seq.* | Mo. Ann. Stat. § 416.141 (Missouri's antitrust law should be construed "in harmony with ruling judicial interpretations of comparable federal antitrust statutes."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |

6

| State | Authority |
|---|---|
| **Montana**<br><br>Mont. Code Ann. § 30-14-101, *et seq.* ; § 30-14-201 *et seq.* | *Smith v. Video Lottery Consultants, Inc.*, 858 P.2d 11, 13 (Mont. 1993) (acknowledging similarity between Montana Unfair Trade Practices Act and Sherman Act, and affording "due weight to the federal courts' interpretation."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Nebraska**<br><br>Neb. Rev. Stat. Ann. § 59-801, *et seq.* | *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 298–99 (Neb. 2006) ("appellants lack standing under *Associated General Contractors* to seek recovery for [parties'] alleged violation of the [Nebraska] Junkin Act."); *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 (E.D. Va. Aug. 16, 2024) (including Nebraska in list of states that "either explicitly apply the factors from *AGC* or use a substantially similar test."). |
| **Nevada**<br><br>Nevada Unfair Trade Practice Act<br>Nev. Rev. Stat. Ann. § 598A.010, *et seq.* | *Nevada Recycling & Salvage, Ltd. v. Reno Disposal Co., Inc.*, 423 P.3d 605, 607–08 (Nev. 2018) (applying *AGC* factors to affirm rejection of antitrust claim); *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 (E.D. Va. Aug. 16, 2024) (including Nevada in list of states that "either explicitly apply the factors from *AGC* or use a substantially similar test."). |
| **New Hampshire**<br><br>N.H. Rev. Stat. Ann. § 356:1, *et seq.* | N.H. Rev. Stat. Ann. § 356:14 ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States' antitrust laws."); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-MD-02042, 2013 WL 1431756, at *10 (E.D. Mich. Apr. 9, 2013) (applying *AGC* test to New Hampshire claims based on the state's harmonization provision); *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 (E.D. Va. Aug. 16, 2024) (including New Hampshire in list of states that "either explicitly apply the factors from *AGC* or use a substantially similar test."). |
| **New Jersey**<br><br>New Jersey Antitrust Act<br>N.J. Stat. Ann. § 56:9-1, *et seq.* | *IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 924 F.3d 57, 65 (2d Cir. 2019) ("We decide questions of antitrust standing under both New York and New Jersey antitrust law in conformity with federal antitrust law."). |

| State | Authority |
|---|---|
| **New Mexico**<br><br>New Mexico Antitrust Act<br>N.M. Stat. Ann. § 57-1-1, *et seq.* | N.M. Stat. Ann. § 57-1-15 ("Unless otherwise provided in the Antitrust Act, the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws."); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 543–44 (N.D. Ill. 2019) (applying *AGC* to the plaintiff's claims under New Mexico law); *Nass-Romero v. Visa U.S.A. Inc.*, 279 P.3d 772, 776 (N.M. Ct. App. 2012) (applying *AGC* to claim brought under the NMAA). |
| **New York**<br><br>Donnelly Act<br>N.Y. Gen. Bus. Law § 340, *et seq.* | *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *13–14 (N.D. Ill. June 29, 2015) ("New York's lower- and mid-level courts have consistently endorsed the application of the *AGC* factors in assessing antitrust standing, in accordance with the state's harmonization provision."); *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) ("The Court will . . . apply AGC to the New York antitrust claim."). |
| **North Carolina**<br><br>N.C. Gen. Stat. Ann. § 75-1, *et seq.* | *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *15 (N.D. Ill. June 29, 2015) ("[T]he Court is persuaded that the North Carolina Supreme Court would adopt and apply the *AGC* factors, at least in modified form."); *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F.Supp.2d 1072, 1094-95 (N.D. Cal. 2007) ("[T]he court concludes that plaintiffs' antitrust standing under the antitrust statute[] of . . . North Carolina . . . is to be determined with reference to the *AGC* factors."). |
| **North Dakota**<br><br>Uniform State Antitrust Act<br>N.D. Cent. Code Ann. § 51-08.1-01, *et seq.* | *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 (E.D. Va. Aug. 16, 2024) (including North Dakota in list of states that "either explicitly apply the factors from AGC or use a substantially similar test."); *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F.Supp.2d 1072, 1094–95 (N.D. Cal. 2007) ("[T]he court concludes that plaintiffs' antitrust standing under the antitrust statute[] of . . . North Dakota . . . is to be determined with reference to the *AGC* factors."). |
| **N. Mariana Islands**<br><br>4 CMC §§ 5101 *et seq.* | *Mayor & City Council of Baltimore v. Merk Sharp & Dohme Corp.*, No. CV 23-828, 2023 WL 8018980, at *11 (E.D. Pa. Nov. 20, 2023) (cleaned up) (citing cases) ("State antitrust laws are generally interpreted in parallel, if not identically to the federal antitrust law."). |

8

| State | Authority |
|---|---|
| **Ohio**<br><br>Valentine Act<br>Ohio Rev. Code Ann. §§ 1331.01–1331.14 | *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 794-95 (Ohio 2005) ("[T]he Ohio General Assembly patterned Ohio's antitrust provisions in accordance with federal antitrust provisions, and thus, Ohio courts follow federal law in interpreting the Ohio Valentine Act"); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Oklahoma**<br><br>Oklahoma Antitrust Reform Act<br>Okla. Stat. Ann. tit. 79, § 201, *et seq.* | Okla. Stat. Ann. tit. 79, § 212 ("The provisions of this act shall be interpreted in a manner consistent with Federal Antitrust Law 15 U.S.C., Section 1 *et seq.* and the case law applicable thereto"); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Oregon**<br><br>79 O.S. § 201 *et seq.* | Or. Rev. Stat. § 646.715(2) ("[T]he decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in the construction of [this statute]"); *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (applying *AGC* factors to claims arising under Oregon law). |
| **Pennsylvania** | *Mayor & City Council of Baltimore v. Merk Sharp & Dohme Corp.*, No. CV 23-828, 2023 WL 8018980, at *11 (E.D. Pa. Nov. 20, 2023) (cleaned up) (citing cases) ("State antitrust laws are generally interpreted in parallel, if not identically to the federal antitrust law."). |
| **Puerto Rico**<br><br>Puerto Rico Antitrust Act<br>10 P.R. Laws Ann. §§ 257 et seq., and 32 P.R. Laws Ann. § 3341 | *Caribe BMW, Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 19 F.3d 745, 754 (1st Cir. 1994) ("[C]ourts interpret Puerto Rico's laws as essentially embodying the jurisprudence relevant to the parallel federal law."); *Flovac, Inc. v. Airvac, Inc.*, 817 F.3d 849, 853 n.1 (1st Cir. 2016) ("Puerto Rico's antitrust statute is coterminous with the Sherman Act."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |

| State | Authority |
|---|---|
| **Rhode Island**<br><br>Rhode Island Antitrust Act<br>R.I. Gen. Laws Ann. § 6-36-1, *et seq.* | R.I. Gen. Laws § 6-36-2(b) ("This chapter shall be construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable, except where provisions of this chapter are expressly contrary to applicable federal provisions as construed."); *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 (E.D. Va. Aug. 16, 2024) (including Rhode Island in list of states that "either explicitly apply the factors from AGC or use a substantially similar test."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **South Carolina**<br><br>South Carolina Antitrust Act<br>S.C. Code Ann. § 39-5-20; § 39-5-110 | *Drs. Steuer & Latham, P.A. v. Nat'l Med. Enters.*, 672 F.Supp. 1489, 1521 (D. S.C. 1987) ("South Carolina has long adhered to a policy of following federal precedents in matters relating to state trade regulation enforcement."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Tennessee**<br><br>Tenn.Code Ann. §§ 47–25–101, *et seq.* | *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (applying *AGC* factors to a Tennessee antitrust claim). |
| **Utah**<br><br>Utah Antitrust Act<br>Utah Code Ann. § 76-10-3101, *et seq.* | Utah Cd. 76-10-3118 ("The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes."); *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 n. 23 (E.D. Va. Aug. 16, 2024) (applying *AGC* to Utah claims in light of the harmonization provision). |
| **Vermont**<br><br>Vermont Consumer Fraud Act<br>Vt. Stat. Ann. tit. 9, § 2453, *et seq.* | *Fucile v. Visa U.S.A., Inc.*, No. S1560-03 CNC, 2004 WL 3030037, at *3 (Vt. Super. Dec. 27, 2004) ("Although the Vermont Consumer Fraud Act has broader remedial purposes than federal statutes, the court nevertheless believes that the Vermont Supreme Court would also draw upon the standing factors in *Associated General Contractors* for guidance, at least to the extent that these factors are consistent with allowing 'indirect purchaser' standing."); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 544 (N.D. Ill. 2019) (applying *AGC* to the plaintiff's claims under Vermont law). |

| State | Authority |
|---|---|
| **Virginia**<br><br>Virginia Antitrust Act<br>VA Code Ann. 59.1-9.1, *et seq.* | Va. Code Ann. § 59.1–9.17 ("This chapter shall be applied and construed to effectuate its general purposes in harmony with judicial interpretation of comparable federal statutory provisions."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Washington**<br><br>Consumer Protection Act<br>Wash. Rev. Code Ann. § 19.86.020, *et seq.* | Wash. Rev. Code Ann. § 19.86.920 ("It is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts and final orders of the federal trade commission interpreting the various federal statutes dealing with the same or similar matters."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **West Virginia**<br><br>West Virginia Antitrust Act<br>W. Va. Code § 47-18-1, *et seq.* | W. Va. Code Ann. § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes."); *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 n.23 (E.D. Va. Aug. 16, 2024) (applying *AGC* to West Virginia claim); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *4 (N.D. Ill. June 29, 2015) ("[T]he presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws."). |
| **Wisconsin**<br><br>Wis. Stat. Ann. 133.01, *et seq.* | *Oliver v. Am. Express Co.*, No. 19CV00566NGGSJB, 2021 WL 386749, at *5 (E.D.N.Y. Feb. 1, 2021) (applying *AGC* to Wisconsin claim); *In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 41–42 (D.D.C. 2008) (same); *Carefirst of Maryland, Inc. v. Johnson & Johnson*, No. 2:23-CV-629, 2024 WL 3858249, at *19 (E.D. Va. Aug. 16, 2024) (including Wisconsin in list of states that "either explicitly apply the factors from AGC or use a substantially similar test."); *Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769, at *5 (Wis. Cir. Ct. Feb. 8, 2005) (*AGC* factors "overwhelmingly support[]" finding that plaintiff lacks antitrust standing). |

11

\\4126-5517-0901 v1

| State | Authority |
|---|---|
| **U.S. Virgin Islands**<br><br>Virgin Islands Antimonopoly Law<br>VI ST tit. 11, § 1501 *et seq.* | VI ST tit. 11, § 1518 ("When the language of this chapter is the same or similar to the language of a Federal Antitrust Law, the District Court in constructing this chapter shall follow the construction given to the Federal Law by the Federal Courts."); *Sunny Isle Shopping Ctr., Inc. v. Xtra Super Food Ctrs., Inc.*, 237 F. Supp. 2d 606, 610 (D.V.I. 2002) ("Therefore, to decide whether Sunny Isle has standing to pursue its territorial antitrust claim, I must determine whether it would have standing to pursue its claim under federal law."). |

\\4126-5517-0901 v1