UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT, ET AL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:20-cv-802(MPS) |
| | : | |
| SANDOZ, INC. ET AL, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| STATE OF CONNECTICUT, ET AL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:19-cv-710(MPS) |
| | : | |
| TEVA PHARMS. USA, INC. ET AL, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| STATE OF CONNECTICUT, ET AL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:16-cv-2056(MPS) |
| | : | |
| AUROBINDO PHARMA USA, INC. ET AL, | : | |
| | : | |
| Defendants. | : | |

## Ruling on the Discovery Dispute Related to Defendant's Requests for Admission

Pending before the Court are various discovery disputes.

Pursuant to the procedure established by the Honorable Michael

1

P. Shea, the parties briefly summarized their positions
regarding the discovery disputes in letters to the court. The
disputes relate to Plaintiffs' objections and responses to
Defendant Sandoz's Requests for Admission, and Interrogatory
Number Four. On July 28, 2025, Judge Shea referred the discovery
disputes to the undersigned. The undersigned has read the
Amended Complaint (dkt. #196), the parties' submissions, the
Requests for Admissions and objections thereto, and
Interrogatory Number Four. For the reasons stated below,
Plaintiffs' objections to the Requests for Admission are
sustained in part and overruled in part.

   **A.    Requests for Admission**

   A party seeking an admission pursuant to Rule 36 of the
Federal Rules of Civil Procedure "bears the burden of setting
forth its requests simply, directly, not vaguely or ambiguously,
and in such a manner that they can be answered with a simple
admit or deny without explanation, and in certain instances,
permit a qualification or explanation for purposes for
clarification." El-Massri v. New Haven Correctional Center, No.
3:18-cv-1249 (CSH), 2019 WL 3491639, at *2 (D. Conn. July 31,
2019)(quoting Dash v. Seagate Technology (US) Holdings, Inc.,
No. CV-13-6329 (LDW) (AKT), 2015 U.S. Dist. LEXIS 91105 at *16
(E.D.N.Y. July 14, 2015)); see also 7 Moore's Federal Practice §
36.10[6] (3d ed. 2016) ("The requesting party bears the burden

2

of drafting the request clearly and specifically so that the responding party can easily agree or disagree.").

> Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because a party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the parties' unambiguously agree. The fact is that parties in litigation conflict. They believe different things and they have different interpretations of both words and events. The party that proffers the requests must recognize that its opponent may read those words differently.

Saliga v. Chemtura Corp., No. 3:12CV832 (RNC), 2013 WL 6097100 at *3 (D. Conn. Nov. 20, 2013)(*quoting* Russo v. Baxter Healthcare Corp.*,* 51 F.Supp.2d 70, 79 (D.R.I.1999).

"A party responding to requests for admission may either admit, deny, object to the request with the reasons therefor, or set out in detail the reasons why he or she cannot respond." City of Hartford v. Monsanto Co., No. 3:15CV1544(RNC), 2017 WL 3085682, at *2 (D. Conn. July 20, 2017).

> An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation to remedy any improper inferences. When good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Id., 2017 WL 3085682, at *2 (D. Conn. July 20, 2017)(quoting 7 Moore's Federal Practice § 36.11[5][a] (3d ed. 2016)). "Provided the demand is understandable and straightforward, calls for relevant information, and does not violate a recognized

3

privilege, an objection to a request to admit is improper."
Woodward v. Holtzman, 329 F.R.D. 16, 26 (W.D.N.Y. 2018)(quoting
Booth Oil Site Administrative Grp. v. Safety-Kleen Corp., 194
F.R.D. 76, 80 (W.D.N.Y. 2000)). The objecting party has the
burden of persuading the court that there is a justification for
the objection. El-Massri, 2019 WL 3491639, at *2 (D. Conn. July
31, 2019).

   With these principle in mind, the Court rules as follows:

### **Requests for Admission Numbers 9, 10, and 11**

   In objecting to these Requests, Plaintiffs state that the
use of the word "cost" is vague (*i.e.*, cost to whom?). The
parties met and conferred on multiple occasions but were unable
to resolve the objections to these Requests. Presumably, the
Defendant could have cleared up any confusion by answering the
very question that Plaintiffs have asked (costs to whom?). The
Court is unable to discern the answer from Defendant's
submission. Since Defendant has the burden of setting forth its
Requests for Admission "simply, directly, not vaguely or
ambiguously," and the Requests for Admission must be
understandable and straightforward, the Plaintiffs have
persuaded the Court that the objections to these three Requests
for Admission are justified. **Therefore, the objections to
Requests Numbers 9, 10, and 11 are sustained.**

4

### Request for Admission Number 30

**The objection is overruled.** Plaintiffs object that Request Number 30 does not identify a specific generic drug or indicate which 'participants in the distribution chain' are being referred to." Since Defendant's letter submission does not clarify or explain what Request Number 30 is seeking, the Court construes the Request to ask Plaintiffs to admit that the price charged for generic drugs <u>generally</u> tends to be affected by others in the distribution chain (*i.e.*, the price is <u>generally</u> not controlled 100% by the manufacturer). Plaintiffs are ordered to admit or deny this Request. As noted earlier, "[a]n admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation to remedy any improper inferences." <u>City of Hartford v. Monsanto Co.</u>, No. 3:15CV1544 (RNC), 2017 WL 3085682, at *2 (D. Conn. July 20, 2017).

### Requests for Admission Numbers 34, 59, and 64

The Plaintiffs argue that Request for Admission Number 34 is vague as to the terms "you," "group purchasing organization," and "generic drugs sold by Sandoz at issue in this Matter." Plaintiffs also argue that the definition of "you" that is set forth in the definitions section of the Requests for Admissions is different from the ordinary usage of the word and includes "all representatives, employees, and agents of plaintiffs, and

the consumers within plaintiffs' respective states on whose behalf plaintiffs' claims are brought." (Exhibit A at p. 4). Plaintiffs assert that this overly broad definition extends to individuals who are not, in themselves, plaintiffs or Plaintiff States. **Plaintiffs' objection to Request Number 34 is sustained. For similar reasons, Plaintiffs' objections to Requests for Admission Numbers 59 and 64 are also sustained.**

### Request for Admission Number 36

Request Number 36 asks Plaintiffs to admit that six different "participants in the distribution chain" affect the price of generic drugs. The request, which is compound, is neither simple nor direct and cannot be answered with a simple admit or deny. Given the substance of the Request, Plaintiffs were justified in providing a qualification or explanation for clarification purposes. **Plaintiffs' response is sufficient.**

### Requests for Admission Numbers 37, 133, and 137

These Requests are vague and ambiguous. Therefore, **Plaintiffs' objection to Requests for Admission Numbers 37, 133, and 137 are sustained.**

### Request for Admission Number 57

Plaintiffs object to Request for Admission Number 57 and argue that it is vague as to time. However, the Request appears to ask Plaintiffs to admit a fact that Plaintiffs have *supposedly* alleged themselves. More specifically, Request Number

57 suggests that Plaintiffs have alleged that "at points during the relevant time period, there were three or fewer competitors in the markets" for the drugs identified in the Request for Admission. While Request Number 57 contains no specific period, the Request indicates that Defendant believes that Plaintiffs are alleging that, at some point during the relevant period, there were three or fewer competitors in the market for the drugs in question. Plaintiffs should amend their response to Request Number 57 to clarify whether Plaintiffs deny making that allegation or whether they deny that the underlying fact is true. **With this instruction, Plaintiffs' objection is overruled.**

### Request for Admission Number 63

Although Defendant's submission does not clarify or explain what Request for Admission Number 63 is seeking, the Court construes the Request to ask Plaintiffs to admit that, in general, regardless of the type of drug, Wholesale Acquisition Cost Prices are <u>generally</u> higher than the price paid by the consumer. While Request Number 63 does not contain a timeframe, the Court construes the word "are" to mean presently. The Court orders the Plaintiffs to admit or deny this Request. As noted earlier, "[a]n admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation to remedy any improper inferences." <u>City of Hartford</u>

7

v. Monsanto Co., No. 3:15CV1544(RNC), 2017 WL 3085682, at *2 (D. Conn. July 20, 2017). **With these instructions, Plaintiffs' objection to Request Number 63 is overruled.**

### Requests for Admission Numbers 65 and 88

Each of these Requests for Admission sets forth a very general statement. Therefore, Plaintiffs were justified in providing a qualification or explanation for clarification purposes. **Plaintiffs' responses to Requests for Admission Numbers 65 and 88 are sufficient.**

### Requests for Admission Numbers 87 and 150

The party who responds to a Request for Admission can answer with a simple admit or deny without explanation. *See* El-Massri v. New Haven Correctional Center, No. 3:18-cv-1249 (CSH), 2019 WL 3491639, at *2 (D. Conn. July 31, 2019). Plaintiffs responded to Request Numbers 87 and 150 with a simple denial. **The Response to Request Number 87 and response to Request Number 150 (which appears to be directed at the State of New York) are sufficient.**

### Request for Admission Number 114

In certain instances, the responding party is permitted to provide a qualification or explanation for purposes for clarification. El-Massri v. New Haven Correctional Center, No. 3:18-cv-1249 (CSH), 2019 WL 3491639, at *2 (D. Conn. July 31, 2019). Plaintiffs have admitted the factual assertion in

Request Number 114 but have provided an explanation for clarification purposes. **Plaintiffs' response to Request Number 114 is sufficient.**

### Requests for Admission Numbers 116 and 118.

Plaintiffs object that the factual statement set forth in Request Number 116 is vague, ambiguous and not a simple statement. While the Court agrees with Plaintiffs' objection, Plaintiffs, without waiving the objection, responded to Request Number 116 with a simple denial. Similarly, despite making an objection, Plaintiffs responded to Request Number 118 with a simple denial. Defendant has not articulated why these simple denials are supposedly inappropriate. **Plaintiffs' responses to Request Numbers 116 and 118 are sufficient.**

### Request for Admission Number 144

An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation to remedy any improper inferences. When good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest.

7 Moore's Federal Practice § 36.11[5][a] (3d ed. 2016)); *see also* City of Hartford v. Monsanto Co., No. 3:15CV1544(RNC), 2017 WL 3085682, at *2 (D. Conn. July 20, 2017). Plaintiffs' response to Request Number 144 provides an admission with an explanation or necessary context and then denies the remaining portion. **Plaintiffs' response is sufficient.**

**Request for Admission Number 148**

As noted earlier, the party who responds to a Request for Admission can answer with a simple admit or deny without explanation. *See* El-Massri v. New Haven Correctional Center, No. 3:18-cv-1249 (CSH), 2019 WL 3491639, at *2 (D. Conn. July 31, 2019). Plaintiffs denied Request Number 148. Presumably, Defendant is dissatisfied with the denial because defendant believes that the denial contradicts certain paragraphs of dkt. #196 (the Amended Complaint). However, before responding to Request Number 148, Plaintiffs objected and stated that it is unclear which case and whose behavior, and which anticompetitive conduct is the subject of Request Number 148. **Plaintiffs' simple denial is sufficient.**

**Request for Admission Number 153**

The Court notes that the objection Plaintiffs made before responding to Request for Admission Number 153 asserts that Request Number 153 "is based on a false premise, *i.e.*, that there was an 'investigation by the NY AG.'" For what it is worth, this appears to put Plaintiffs' simple denial in context. **In any event, Plaintiffs' simple denial in response to Request for Admission Number 153 is permitted by Rule 36 and is sufficient.**

### Requests for Admission Numbers 44, 154 through 159

Plaintiffs object that Requests for Admission Numbers 44, and 154 through 159 are not relevant to any claims or defenses in the case.  However, Defendant Sandoz has raised a statute of limitations defense and the defense of laches. (See dkt. #430 at 835 and dkt. #617-1 at 19-21, 22-26, 30-38, and 43-47). Requests Numbers 154 through 159 are relevant to those defenses. (See Dkt. #617-1 at 22-26 and 30-30, and 43-48). Plaintiffs also object to the broad definition of the word "you" in the definition section of the Requests for Admission. However, in the context of the statute of limitations defense, the only relevant fact would be whether the Plaintiff States were suspicious of the alleged wrongdoing on or before the dates set forth in the Requests for Admission. While the definition of "you" is, in fact, broad in the definitions section of the Requests for Admission, the arguments in the pending Joint Motion for Summary Judgment on Statute of Limitations and Laches Grounds seem to support the narrower definition that the Court has applied for Request and 154 through 159. (See dkt. #617-1.)

Plaintiffs also object that Requests for Admission Numbers 44 and 154 through 159 seek information protected by attorney work-product, the attorney client privilege, the government deliberative process privilege, government informer's privilege, investigatory files privilege, common interest doctrine,

11

settlement privilege, or any other applicable privilege or protection provided by law. The Court finds that these privileges or protections do not apply. Requests for Admission Numbers 44 and 154 through 159 do not ask Plaintiffs to reveal the source of the information that made Plaintiffs suspicious, or the contents of any communications that caused Plaintiffs to become "suspicious."[1] Nor do the Requests for Admission ask the Plaintiffs to reveal any aspects of the Government's decision-making process[2] or the mental processes or impressions of Plaintiffs' attorneys. *See* United States v. Nobles*, 422 U.S. 225, 238-39 (1975)("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he [or she] can analyze and prepare

---

[1] *See e.g.,* El Badrawi v. Dep't Of Homeland Sec.*, 258 F.R.D. 198, 203 (D. Conn. 2009)("The law enforcement privilege is a qualified executive privilege designed 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'")(quoting In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir.1988); James v. Tilghman, 194 F.R.D. 398, 401 (D. Conn. 1999)("The so-called informer's privilege is actually the prosecutor's privilege to withhold disclosure of the identity of persons who supply law enforcement officers with information concerning violations of law.")

[2] "The government's deliberative process privilege 'protects the decision-making processes of the executive branch in order to safeguard the quality and integrity of governmental decisions.'" A. Michael's Piano, Inc. v. F.T.C.*, 18 F.3d 138, 147 (2d Cir. 1994) (quoting Hopkins v. U.S. Dept. of Housing and Urban Development, 929 F.2d 81, 84 (2d Cir. 1991)).

his [or her] client's case.").[3] **Plaintiffs' objections to Requests Number 44, and 154 through 159 are overruled.**

### Requests for Admission Numbers 164 and 165

Requests for Admission Numbers 164 and 165 appear to be relevant to Defendant's statute of limitations defense and defense of laches. (Dkt. #617-1 at 33-35.) **Therefore, the objections to Requests for Admission Numbers 164 and 165 are overruled.**

### Request for Admission Number 174

Request Number 174 contains a broad statement of fact. The responding party is permitted to provide a qualification or explanation for purposes for clarification. Plaintiffs have admitted the factual assertion but have provided a qualification

---

[3] The Second Circuit Court of Appeals has noted that:
> There are two types of work product, ordinary or fact (herein "fact") and opinion. As we have stated previously, fact work product may encompass factual material, including the result of a factual investigation. In contrast, opinion work product reveals the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative, and is entitled to greater protection than fact work product. To be entitled to protection for opinion work product, the party asserting the privilege must show a real, rather than speculative, concern that the work product will reveal counsel's thought processes in relation to pending or anticipated litigation.

In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183-84 (2d Cir. 2007)(internal quotations and citations omitted). "The party invoking the privilege bears the heavy burden of establishing its applicability." Id at 183. Plaintiffs' objection does not explain why the privilege applies here, where the Defendant is only seeking to determine when (not how or from whom) Plaintiffs had notice of the alleged wrongdoing.

or explanation for clarification purposes. **Plaintiffs' response to Request Number 174 is sufficient.**

### Requests for Admission Numbers 189 through 193

Requests for Admission Numbers 189-193 do not appear relevant to any claims or defenses in this case. **Plaintiffs' objections to Requests Numbers 189 through 193 are sustained.**

### Request for Admission Number 195

Plaintiffs object to Request for Admission Number 195, but then without waiving the objection, responded to the Request with a simple denial. **Plaintiffs' response to Request Number 195 is sufficient.**

**B. Interrogatory Number 4 and the States' Proposed Future Responses**

Defendant briefly outlines a dispute related to Requests for Admission 34, 42, 60, 68, 80, 82, 124, 163, and 171; as well as issues around proposed responses to Interrogatory 4.[4]  The brief mention of these issues in both letters makes it difficult for the Undersigned to fully ascertain the parties positions regarding timeliness and the referenced "stipulation" over which the parties disagree.

To the extent that the parties are unable to resolve this dispute on their own with a further meet and confer session,

---

[4] The Court notes that Exhibit B attached to the letter outlining the discovery dispute in this matter has an Interrogatory Number 1.  However, as both parties refer to it as Number 4, the Court will as well.

they are to file supplemental briefs on these remaining issues by 8/29/25.  Specifically, the parties should address the timeliness of Interrogatory Number 4 and outline or clarify what the reference to the "stipulation" refers to, as the undersigned cannot determine what has been agreed to and what is still being disputed.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 15th day of August, 2025 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge