**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE STATE OF CONNECTICUT, *et al.*, | |
| *Plaintiffs*, | Case No. 3:20-cv-802-MPS |
| v. | July 9, 2025 |
| SANDOZ, INC., *et al.*, | |
| *Defendants*. | |

## MALLINCKRODT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Defendants Mallinckrodt plc, Mallinckrodt Inc., and Mallinckrodt LLC (collectively "Mallinckrodt") hereby move for summary judgment in their favor and submit this incorporated memorandum of law, pursuant to Federal Rule of Civil Procedure 56 and this Court's Order Regarding Summary Judgment Schedule and Page Limits, ECF No. 369. Mallinckrodt earlier joined Defendants' "Group 2" joint summary judgment briefing and has similarly joined Defendants' "Group 3" joint summary judgment briefing. *See id.* at 1-2.

All claims for monetary relief against Mallinckrodt were discharged in Mallinckrodt's Chapter 11 reorganization. Federal case law, including from the Second Circuit, makes clear that a bankruptcy discharge effectively operates as an injunction against such claims. Because such claims are enjoined as a result of an undisputed bankruptcy discharge, this Court should grant summary judgment to Mallinckrodt on all claims for monetary relief. Various plaintiffs in the generic price-fixing multidistrict litigation ("MDL") have recognized the same, leading to various voluntary dismissals of such claims against Mallinckrodt in the MDL.

## ARGUMENT

### I.   ALL CLAIMS FOR MONETARY RELIEF AGAINST MALLINCKRODT HAVE BEEN DISCHARGED IN EARLIER BANKRUPTCY PROCEEDINGS.

In 2020, Mallinckrodt and certain of its affiliates filed for Chapter 11 reorganization in the United States Bankruptcy Court for the District of Delaware.   In 2022, that court confirmed Mallinckrodt's Chapter 11 reorganization plan, discharging claims against Mallinckrodt and providing that:

> [T]he Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably and forever released and discharged, to the maximum extent permitted by law . . . from any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, liens, remedies, losses, contributions, indemnities, costs, liabilities, attorneys' fees and expenses whatsoever . . . whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law[.]

*In re Mallinckrodt, et al.*, No. 20-12522-JTD (Bankr. D. Del. Mar. 2, 2022), ECF No. 6660 ¶ 210. All claims for monetary relief have therefore been discharged as a result of the Chapter 11 proceedings.  *See id.*; *see also Bruce v. Citigroup Inc.*, 75 F.4th 297, 298-99, 301 (2d Cir. 2023) (explaining that "[t]he notion of a fresh start is at the Bankruptcy Code's core and is typically achieved through a discharge order" and that "a bankruptcy discharge . . . '[o]perates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt'" (quoting 11 U.S.C. § 524(a)(2))), *cert. denied,* 144 S. Ct. 565 (2024).

Recognizing the effects of this discharge, various plaintiffs in the MDL have publicly filed voluntary dismissals of Mallinckrodt entities.  *See* Notice of Voluntary Dismissal, *Providence St. Joseph Health, et al. v. Actavis Holdco U.S., Inc., et al.*, No. 5:23-cv-3636 (E.D. Pa. May 5, 2025), ECF No. 257; Notice of Voluntary Dismissal, *Walmart Inc. v. Actavis Elizabeth, LLC, et al.*, No. 2:25-cv-1383 (E.D. Pa. May 16, 2025), ECF No. 13; Notice of Voluntary Discontinuance, *New*

*York Quality Healthcare Corp. v. Actavis Holdco U.S., Inc., et al.*, No. 6530072/2025 (N.Y. Sup. Ct. June 11, 2025), ECF No. 8; Notice of Voluntary Dismissal, *American Airlines, Inc., et al. v. Actavis Holdco U.S., Inc., et al.*, No. 2:24-cv-01430 (E.D. Pa. June 17, 2025), ECF No. 157.

Given the indisputable effect of Mallinckrodt's Chapter 11 bankruptcy discharge, all claims for monetary relief (and all claims that otherwise involve monetary payments by Mallinckrodt) should be dismissed, as those claims have already been enjoined by the discharge order. These claims include, in Plaintiffs' prayers for relief, the requested relief under subsections D through H. *See* Am. Compl. at 544 (referencing "disgorgement," "other equitable relief," "damages" "civil penalties," "restitution," and "costs"). Moreover, to the extent that any relief under subsections C and I encompass monetary relief, that too is enjoined by the bankruptcy discharge. *See id.* (referencing broad injunctions and "any other relief that this Court deems proper," respectively). Plaintiffs' prayers for "injunctive relief" and "other relief" in subsections C and I are unduly vague, and as a result Mallinckrodt is unable to respond further.

Nevertheless, to the extent that Plaintiffs seek specific injunctive relief from Mallinckrodt without any monetary component, then such prayers for relief against Mallinckrodt fail for the reasons stated in Defendants' "Group 2" and "Group 3" summary judgment briefing, which Mallinckrodt has joined. In addition, Plaintiffs have failed to establish personal jurisdiction over Mallinckrodt plc, which is an Irish corporation that has never itself manufactured or sold the relevant products and that was never served in this action.[1]

---

[1] *See Connecticut, et al. v. Sandoz, Inc., et al.*, No. 2:20-cv-3539-CMR (E.D. Pa. Sept. 8, 2020), ECF No. 21 at 2 n.1 (noting that Mallinckrodt plc does not stipulate to waive service). Nonetheless, Mallinckrodt plc is appearing specially to advance these summary judgment arguments and does not waive its jurisdictional argument.

## **CONCLUSION**

In light of the foregoing, Mallinckrodt respectfully requests that the Court grant Mallinckrodt's Motion for Summary Judgment and dismiss all claims against Mallinckrodt in this action with prejudice.

Dated: July 9, 2025                    Respectfully submitted,

                                    By:  */s/ Jane E. Willis*
                                        Jane E. Willis (PHV25421)
                                        Andrew J. O'Connor (PHV208240)
                                        Phillip Z. Yao (PHV208241)
                                        ROPES & GRAY LLP
                                        800 Boylston Street
                                        Boston, MA 02199-3600
                                        Tel: (617) 951-7000
                                        Fax: (617) 951-7050
                                        jane.willis@ropesgray.com
                                        andrew.oconnor@ropesgray.com
                                        phillip.yao@ropesgray.com

                                        *Counsel for Mallinckrodt plc, Mallinckrodt*
                                        *Inc., and Mallinckrodt LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 9, 2025, I caused the foregoing document to be served on all counsel of record by electronic mail in accordance with the Court's directives for summary judgment briefing in this matter.

<u>*/s/ Jane E. Willis*</u>
Jane E. Willis