THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE OF CONNECTICUT, et al., *Plaintiffs,* v. AUROBINDO PHARMA USA, INC., et al., *Defendants.* | No. 3:16-cv-02056-MPS |
| STATE OF CONNECTICUT, et al., *Plaintiffs*, v. TEVA PHARMACEUTICALS USA, INC. et al., *Defendants*. | No. 3:19-cv-00710-MPS |
| STATE OF CONNECTICUT, et al., *Plaintiffs*, v. SANDOZ, INC., et al., *Defendants*. | No. 3:20-cv-00802-MPS |

**[PROPOSED] ORDER REGARDING PLAINTIFF STATES' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH BAUSCH AND LANNETT AND FOR ALLOCATION OF SETTLEMENT FUNDS**

**AND NOW**, upon review and consideration of the Plaintiff States' Motion for Preliminary Approval of Settlement with Defendants Bausch Health US, LLC and Bausch Health Americas, Inc. ("Bausch") and Defendant Lannett Company, Inc. ("Settlements") and for Allocation of Settlement Funds, it is hereby **ORDERED** that the motion is **GRANTED** as follows:

1

1. The Court has reviewed and assessed the fairness, reasonableness, and adequacy of the Settlements and finds that the Court will likely be able to approve the Settlements at a later final approval stage.

2. The Court, therefore, preliminarily approves the Settlements on the terms set forth in the Settlements, subject to further consideration at the final approval hearing.

3. The Court directs that the payments received by the States under the terms of the Settlements ("Settlement Funds") shall be held in escrow until and unless further ordered by the Court.

4. The Court approves the establishment of a State Escrow and appoints Huntington Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Funds as set forth in the Settlements.

5. The Court hereby stays all proceedings in this action against settling defendants Bausch Health US, LLC and Bausch Health Americas, Inc. ("Bausch") and Defendant Lannett Company, Inc. ("Lannett") only, except those proceedings provided for, or required by, the Settlements.

6. The Court approves Rust Consulting Inc. as the Notice and Claims Administrator for the Settlements.

7. The Court finds that the proposed forms of notice to Consumers[1], plan for dissemination of notice, establishment and content of a dedicated website, and publication campaign are reasonable under the circumstances of this case, and considering past notice efforts in the States' Actions, and therefore approves the Notice Plan to Consumers.

---

[1] Capitalized terms are defined terms in the Settlements and in the States' Memorandum of Law in Support of Plaintiff States' Motion for Preliminary Approval of Settlements with Bausch and Lannett and An Allocation and Distribution Plan and is used here with the same meaning.

8. The States, through Rust Consulting, shall cause the notice to be disseminated to Consumers via direct notice to registered consumers and earned media, including press releases, as set forth in the Notice Plan, starting within 7 days following the date of the entry of this Order.

9. The States, through Rust Consulting, shall cause notice to be published on a dedicated website - www.AGGenericDrugs.com - which website shall have separate links for documents relating to the Settlement and include filings and other documents and information regarding the Settlement as well as a settlement overview along with the Consumer's options, starting within 7 days following the date of the entry of this Order.

10. The Court preliminarily approves the Settlements allocation of Settlement Funds to Corporate Entities and directs that all funds allocated to Corporate Entities' restitution be held in escrow and that the distribution be deferred until a future appropriate time and upon a future motion by the States.

11. The Court finds that the proposed form of notice to Corporate Entities in Idaho is reasonable under the circumstances of this case, and, therefore, approves the Notice Plan to Corporate Entities in Idaho.

12. The Court preliminarily approves allocation of 70% of the Settlement Funds (after subtracting the funds allocated to Corporate Entities) to restitution for Consumers and State Entities ("Restitution Account"), and 30% of the Settlement Funds to payment for the States' settlement notice and administration costs and litigation costs ("Cost Account").

13. The Court finds that the proposed allocation of the Restitution Accounts between Consumers and State Entities is fair and reasonable under the circumstances of this case, and, therefore, grants preliminary approval of the following proposed allocation to Consumers and to State Entities:

      a. The Heritage Restitution Account is allocated $3,833,997.54 to Consumers and $2,166,002.46 to State Entities.

      b. The Bausch Restitution Account is allocated $1,803,007.56 to Consumers and $996,992.44 to State Entities.

      c. The Lannett Restitution Account is allocated 6,085,800 to Consumers and $ 3,364,200 to State Entities.

14. Upon final approval of the Settlements, the funds allocated to the Costs Account and the funds allocated to State Entities may be distributed to the States to be allocated among the states at the States' discretion.

15. Consumers and Corporate Entities in Idaho may opt out of the Settlement or comment on and object to the Settlement no later than _____ [21 days prior to the date set for the final approval hearing].

16. The States or their designee shall monitor and record any and all exclusion (opt-out) requests that are received and shall file a report with the Court no later than _____, 2026. [14 days prior to the date set for the final approval hearing].

17. Any comments or objections to the Settlements must be mailed to the Court, with a copy provided to counsel for the States, Bausch, and Lannett, to be received no later than _____, 2026. [21 days prior to the date set for the final approval hearing].

18. The final deadline for consumers to opt out of the states' litigation generally or comment on or object to the final distribution plan, shall be deferred and set at a future date after an allocation and distribution plan for consumer restitution has been proposed.

19. The States shall submit for the Court's consideration a motion to approve an allocation and distribution plan for consumer restitution under these Settlements and any other settlements at an appropriate future time.

20. The States shall file a motion for final approval of the Settlements no later than _____ [7 days prior to the date set for the final approval hearing].

21. A final approval hearing shall be held before this Court at __:__ __m on _____, 2026 [*not fewer than 91 days from the date of the preliminary approval order*], at the United States District Court for the District of Connecticut, United States Courthouse, 450 Main Street - Annex 135, Hartford, Connecticut 06103. At the Fairness Hearing, the Court will consider the fairness, reasonableness, and adequacy of the Settlement and whether the Settlement should be finally approved.

It is so ORDERED.

BY THE COURT:

_____
Hon. Judge Michael. P Shea
United States District Court