UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE STATE OF CONNECTICUT; THE STATE OF ALASKA; THE STATE OF ARIZONA; THE STATE OF ARKANSAS; THE STATE OF CALIFORNIA; THE STATE OF COLORADO; THE STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; THE STATE OF FLORIDA; THE STATE OF GEORGIA; THE TERRITORY OF GUAM; THE STATE OF HAWAII; THE STATE OF IDAHO; THE STATE OF ILLINOIS; THE STATE OF INDIANA; THE STATE OF IOWA; THE STATE OF KANSAS; THE COMMONWEALTH OF KENTUCKY; THE STATE OF LOUISIANA; THE STATE OF MAINE; THE STATE OF MARYLAND; THE COMMONWEALTH OF MASSACHUSETTS; THE STATE OF MICHIGAN; THE STATE OF MINNESOTA; THE STATE OF MISSISSIPPI; THE STATE OF MONTANA; THE STATE OF NEBRASKA; THE STATE OF NEVADA; THE STATE OF NEW HAMPSHIRE; THE STATE OF NEW JERSEY; THE STATE OF NEW MEXICO; THE STATE OF NEW YORK; THE STATE OF NORTH CAROLINA; THE STATE OF NORTH DAKOTA; THE COMMONWEALTH OF THE NORTHERN MARIANA ISLAND; THE STATE OF OHIO; THE STATE OF OKLAHOMA; THE STATE OF OREGON; THE COMMONWEALTH OF PENNSYLVANIA; THE COMMONWEALTH OF PUERTO RICO; THE STATE OF RHODE ISLAND; THE STATE OF SOUTH CAROLINA; THE STATE OF TENNESSEE; THE STATE OF UTAH; THE STATE OF VERMONT; THE COMMONWEALTH OF VIRGINIA; THE STATE OF WASHINGTON; THE STATE OF WEST VIRGINIA; THE STATE OF WISCONSIN; and U.S. VIRGIN ISLANDS,<br><br>    *Plaintiffs*,<br>v. | No. 3:20-cv-00802-MPS |

| SANDOZ, INC.; ACTAVIS HOLDCO US, INC.; ACTAVIS ELIZABETH LLC; ACTAVIS PHARMA, INC.; AMNEAL PHARMACEUTICALS, INC.; AMNEAL PHARMACEUTICALS, LLC; ARA APRAHAMIAN; AUROBINDO PHARMA U.S.A., INC.; BAUSCH HEALTH AMERICAS, INC.; BAUSCH HEALTH US, LLC; MITCHELL BLASHINSKY; DOUGLAS BOOTHE; FOUGERA PHARMACEUTICALS INC.; GLENMARK PHARMACEUTICALS INC., USA; JAMES (JIM) GRAUSO; GREENSTONE LLC; G&W LABORATORIES, INC.; WALTER KACZMAREK; ARMANDO KELLUM; LANNETT COMPANY, INC.; LUPIN PHARMACEUTICALS, INC.; MALLINCKRODT INC.; MALLINCKRODT LLC; MALLINCKRODT plc; MYLAN INC.; MYLAN PHARMACEUTICALS INC.; KURT ORLOFSKI; MICHAEL PERFETTO; PERRIGO NEW YORK, INC.; PFIZER INC.; SUN PHARMACEUTICAL INDUSTRIES, INC.; TARO PHARMACEUTICALS USA, INC.; TELIGENT, INC.; ERIKA VOGEL-BAYLOR; JOHN WESOLOWSKI; and WOCKHARDT USA LLC, <br><br>*Defendants*. |
|---|

## RULING DENYING THE DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS AND PROPOSED TESTIMONY OF DR. HAL SINGER

In this antitrust action by State Attorneys General against generic drug makers, the Defendants move to exclude certain opinions and proposed testimony of Dr. Hal Singer, the States' pass-through damages expert. I deny the Defendants' motion, ECF No. 664, for the following reasons.[1]

---

[1] I assume familiarity with my order granting in part and denying in part the Defendants' Motion for Summary Judgment on State-Law Equitable Claims, Civil Penalties and Fines, Extraterritorial Enforcement of State Law, General Economy Damages, and State Antitrust Claims, as well as the parties' briefing on these motions. ECF No. 1294.

1

I.     **LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence allows qualified experts to testify "in the form of an opinion" if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. Admissibility of expert testimony falls under the district court's gatekeeper function, *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993), and it is the proponent's burden to show that the expert's testimony meets the requirements for admissibility, Fed. R. Evid. 702. *See also Nimely v. City of New York*, 414 F.3d 381, 395-96 (2d Cir. 2005).

Addressing reliability, "[t]he Supreme Court has identified a number of factors . . . district courts may consider, such as (1) whether a theory or technique 'can be (and has been) tested,' . . . ; (2) 'whether the theory or technique has been subjected to peer review and publication,' . . . ; (3) a technique's 'known or potential rate of error,' and 'the existence and maintenance of standards controlling the technique's operation,' . . . ; and (4) whether a particular technique or theory has gained 'general acceptance' in the relevant scientific community." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002) (quoting *Daubert*, 509 U.S. at 593-94). But these factors are only instructive, and the inquiry is "flexible." *Daubert*, 509 U.S. at 594; *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150 (1999).

Congress's 2023 amendment to Rule 702 made clear that: (1) a preponderance of the evidence standard applies to questions of admissibility under Rule 702; and (2) expert testimony

"must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." Fed. R. Evid. 702, advisory committee's note to 2023 amendment.

## II. DISCUSSION

In this motion, the Defendants do not challenge Dr. Singer's qualifications to opine on pass-through damages. They move to exclude only three of Dr. Singer's opinions, each of which I address below.

First, the Defendants move to exclude Dr. Singer's opinion related to his pass-through damages estimates. The Defendants argue that Dr. Singer's pass-through damages estimates are impermissibly speculative because his analysis does not adequately control for intermediaries' pricing decisions. Because of this flaw, they argue, Dr. Singer cannot reliably opine on how overcharges passed through the distribution chain to end-payors (*i.e.*, consumers and state agencies) where his analysis fails to differentiate between increases caused by an alleged overcharge and those caused by intermediaries' independent pricing decisions.

I disagree. In calculating his pass-through damages estimates, Dr. Singer relied in the first instance on the States' expert Dr. Frederick Warren-Boulton's initial overcharge estimates at the manufacturer level. ECF No. 963-1 ¶ 4. From there, Dr. Singer relied on sales and cost data produced by "[v]arious third parties in this case . . . to calculate pass-through at each stage of the generic pharmaceutical supply chain." *Id*. ¶ 67. In his analysis, he considers the relevancy of Pharmacy Benefit Manager ("PBM") "spread pricing" and relevant contractual provisions through applicable real-world pricing data. ECF No. 737-2 ¶¶ 27-28 (considering contractual provisions), 119-120 (considering PBM spread pricing). The States need not isolate all possible causes of cost increases at each step in the distribution chain or show that the Defendants' unlawful conduct was the sole cause of their injuries (or those of the consumers they represent). It is enough for them to

show that the Defendants' conduct was a substantial or materially contributing factor in producing their injuries. *In re Publ'n Paper Antitrust Litig.*, 690 F.3d 51, 66 (2d Cir. 2012). Dr. Singer's report will assist the jury in deciding whether they have met that standard, and it is based on adequate data that he reliably applies.

I find Dr. Singer's opinion on pass-through damages estimates to be reliable and based on sufficient data. The Defendants' objections to Dr. Singer's opinion go to weight and not admissibility, and the Defendants are free to address these criticisms on cross-examination.

Second, the Defendants move to exclude Dr. Singer's opinion concerning deadweight loss. In the summary judgment ruling, I concluded that damages for deadweight loss (and consumer surplus as it relates to "general economy" damages) are not available. ECF No. 1294 at 53–63. Based on that ruling, Dr. Singer will not be allowed to opine on these issues, and thus the Defendants' motion to exclude his opinions in this respect is denied as moot.

Third, the Defendants move to exclude Dr. Singer's opinion related to the putative premium increases that Managed Care Organizations ("MCOs") charged to certain States. Here, too, the summary judgment ruling found for the Defendants on the issue of damages arising from increased MCO premiums, *id.* at 24–31, and the Defendants' motion to exclude Dr. Singer's opinion on this issue is therefore denied as moot.

### III. MOTIONS TO SEAL

The Motions to Seal briefs and exhibits related to this *Daubert* motion—ECF Nos. 731 and 739—are both granted, substantially for the reasons set forth in the motions.

### IV. CONCLUSION

For these reasons, I deny the Defendants' motion to exclude certain opinions and proposed testimony of Dr. Hal Singer, ECF No. 664.

IT IS SO ORDERED.

                                                  /s/
                                  Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
February 12, 2026