**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE STATE OF CONNECTICUT, *et al.*, | |
| *Plaintiffs*, | Case No. 3:20-cv-802-MPS |
| v. | November 21, 2025 |
| SANDOZ, INC., *et al.*, | |
| *Defendants*. | |

**MALLINCKRODT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MALLINCKRODT'S MOTION FOR SUMMARY JUDGMENT**

All claims for monetary relief against Mallinckrodt plc, Mallinckrodt Inc., and Mallinckrodt LLC (collectively, "Mallinckrodt") were discharged in Mallinckrodt's Chapter 11 reorganization. Additionally, Plaintiffs failed to serve, and therefore failed to establish personal jurisdiction over, Mallinckrodt plc. Plaintiffs fail to substantively rebut either of these arguments in their Memorandum of Law in Opposition to Mallinckrodt's Motion for Summary Judgment (the "Opposition" or "Opp."). Therefore, this Court should grant summary judgment to Mallinckrodt Inc. and Mallinckrodt LLC on all claims for monetary relief, and to Mallinckrodt plc on all claims.

In its Motion for Summary Judgment (the "Motion" or "Mot."), Mallinckrodt cited to its Chapter 11 reorganization plan as an undisputed material fact that all monetary claims against it had been discharged through the court-confirmed reorganization in the U.S. Bankruptcy Court for the District of Delaware. Indeed, Plaintiffs expressly concede that they "do not oppose dismissal of monetary claims discharged in bankruptcy." Opp. at 2. Bizarrely however, Plaintiffs suggest that the dismissal—which they purport *not* to oppose—would inexplicably "require additional

facts and briefing." *Id.*[1] Plaintiffs' suggestion that Mallinckrodt must provide facts additional to a federal bankruptcy court's discharge runs counter to the very purpose of Chapter 11 discharge, which "gives the debtor a 'fresh start' by releasing . . . it from further liability." *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 364 (2006). Mallinckrodt is not required to provide additional facts and briefing beyond its direct citation to the judicially noticeable order of a sister federal court. By failing to substantively address Mallinckrodt's argument, Plaintiffs have conceded this issue, and summary judgment on all claims for monetary relief is therefore appropriate. *See Farrar v. Town of Stratford,* 537 F. Supp. 2d 332, 356 (D. Conn. 2008) (granting summary judgment to defendant where defendant moved for summary judgment and plaintiff "in his opposition memorandum . . . presented no legal arguments to support his . . . claim").

Plaintiffs also mischaracterize Mallinckrodt's related arguments. In its Motion, Mallinckrodt explained that "to the extent that any relief under subsections C and I [of Plaintiffs' Amended Complaint] encompass monetary relief, that too is enjoined by the bankruptcy discharge" but noted that Mallinckrodt was unable to respond further to Plaintiffs' prayers for relief under those subsections because they are "unduly vague." Mot. at 3. Plaintiffs argue that this is a distinct, "new" argument raised by Mallinckrodt. Opp. at 1–2. But in reality, Mallinckrodt simply seeks summary judgment on the claims for relief under subsections C and I to the extent they encompass monetary relief, *not* because they are unduly vague. For example, because Plaintiffs do not make clear (and have not made clear to date, despite the advanced stage of this litigation) what form of injunctive relief they seek under subsection C, Mallinckrodt seeks summary judgment to the extent that such injunctive relief would involve any monetary component.

---

[1] Moreover, Plaintiffs do not specify what they believe such additional briefing should entail.

Finally, Plaintiffs cannot point to any authority that establishes this Court's personal jurisdiction over Mallinckrodt plc, an entity which Mallinckrodt explained in its Motion was never served. *See* Mot. at 3 & n.1. Contrary to the States' suggestion that Mallinckrodt has waived the argument, it was squarely raised in the Motion. *Id.*; *see Buccellati Holding Italia Spa v. Laura Buccellati, LLC*, 2014 WL 1325748, at *4 (S.D.N.Y. Mar. 17, 2014) (no waiver where argument was clearly raised in body of brief even while not including citations). The basic point that service is required does not require a legal citation, though such support is abundantly available. *See Godina v. Resinall Int'l Inc.*, 2009 WL 4545213, at *4 (D. Conn. Dec. 1, 2009) ("[S]ervice of process is the means by which a court obtains personal jurisdiction over a defendant. Accordingly, if service of process has not been properly effected, the court lacks personal jurisdiction over the defendant." (citation omitted)); *Chappetta v. Soto*, 453 F. Supp. 2d 439, 443 (D. Conn. 2006) (granting summary judgment to defendant where plaintiff failed to execute proper service within limitations period). Notably, the States do not dispute that they never served Mallinckrodt plc, nor do they substantively dispute that lack of service means that this Court lacks personal jurisdiction over Mallinckrodt plc. *See Williams v. First Transit, Inc.*, 2023 WL 7385570, at *2–3 (D. Conn. Nov. 8, 2023) (citing lack of proper service as reason to dismiss claims against some of the defendants named in the litigation), *aff'd*, 2024 WL 5191701 (2d Cir. Aug. 28, 2024). As such, it is clear that Mallinckrodt plc should be dismissed from this case.

## **CONCLUSION**

For the foregoing reasons, Mallinckrodt respectfully requests that the Court grant its Motion.

Dated: November 21, 2025                    Respectfully submitted,

                                    By:  */s/ Jane E. Willis*
                                          Jane E. Willis (PHV25421)
                                          Andrew J. O'Connor (PHV208240)
                                          Phillip Z. Yao (PHV208241)
                                          ROPES & GRAY LLP
                                          800 Boylston Street
                                          Boston, MA 02199-3600
                                          Tel: (617) 951-7000
                                          Fax: (617) 951-7050
                                          jane.willis@ropesgray.com
                                          andrew.oconnor@ropesgray.com
                                          phillip.yao@ropesgray.com

                                          *Counsel for Mallinckrodt Inc. and
                                          Mallinckrodt LLC*

                                          *Counsel for Mallinckrodt plc, appearing
                                          specially[2]*

---

[2] As noted in Mallinckrodt's opening brief, Mallinckrodt plc is appearing specially; Mallinckrodt plc does not consent to personal jurisdiction and reserves all rights and defenses.