**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| THE STATE OF CONNECTICUT, *et al.*, | |
| *Plaintiffs*, | Case No. 3:20-cv-802-MPS |
| v. | March 9, 2026 |
| SANDOZ, INC., *et al.*, | |
| *Defendants*. | |

**MALLINCKRODT'S SUPPLEMENTAL BRIEFING REGARDING**
**MALLINCKRODT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Mallinckrodt plc ("Mallinckrodt") respectfully submits this brief in response to this Court's February 23, 2026 Order (ECF No. 1351) requesting supplemental briefing on Mallinckrodt's earlier motion for summary judgment (the "Motion" or "Mot.," ECF No. 988). The Court has asked Mallinckrodt to show that Mallinckrodt plc "has not waived service by joining in the answer and affirmative defenses filed by the other Mallinckrodt entities." ECF No. 1351. Given Mallinckrodt plc's consistent representations, extending back to the multi-district litigation ("MDL"), and the States' clear notice and lack of prejudice related to Mallinckrodt plc's position, its answer should not be deemed a waiver of Mallinckrodt plc's rights with respect to contesting service.

Mallinckrodt plc has made clear from the very beginning of this litigation that it does not accept service of the complaint. In a joint stipulation with Plaintiffs in 2020, Mallinckrodt plc expressly stated that it was not stipulating to accept service. Thereafter, counsel for Mallinckrodt continued to make clear that it was only specially appearing for Mallinckrodt plc. And in the answer in this matter, Mallinckrodt plc expressly denied Plaintiffs' allegation that "[t]his Court

may exercise personal jurisdiction over" Mallinckrodt plc.

More importantly, Mallinckrodt has preserved its personal jurisdiction defense, and its prior summary judgment motion was invoking that defense. Ample case law supports the conclusion that this defense was adequately preserved in the answer. Accordingly, lack of personal jurisdiction remains a valid defense and basis for dismissal.

Alternatively, given the Court's recent summary judgment order confirming that only injunctive relief is available against the Mallinckrodt Defendants, Mallinckrodt plc—an Irish company with no day-to-day tie to Mallinckrodt's generics business at issue in the litigation—is not a proper party for injunctive relief and therefore should be dismissed.

## ARGUMENT

**I.    MALLINCKRODT PLC'S CONSISTENT REPRESENTATIONS IN THIS ACTION MAKE CLEAR THAT THE ANSWER DID NOT WAIVE ITS RIGHTS.**

Mallinckrodt plc should not be found to have waived service by filing an answer, in light of the fact that it has taken a consistent position as to the service since the inception of this litigation, including the time the litigation was in the MDL.

Mallinckrodt plc has made clear from the beginning that it does not accept service of the complaint. *See* Mot. at 3 & n.1 (citing *Connecticut, et al. v. Sandoz, Inc., et al.*, No. 2:20-cv-3539-CMR (E.D. Pa. Sept. 8, 2020), ECF No. 21 at 2 n.1). While nearly every Defendant—including Mallinckrodt Inc. and Mallinckrodt LLC—stipulated to waive service of the complaint in a joint stipulation negotiated with Plaintiffs, Mallinckrodt plc made its position clear by adding into the joint stipulation: "Mallinckrodt plc is not a Stipulating Defendant." *Connecticut, et al. v. Sandoz, Inc., et al.*, No. 2:20-cv-3539-CMR (E.D. Pa. Sept. 8, 2020), ECF No. 21 at 2 n.1. Judge Rufe subsequently approved the joint stipulation. *See Connecticut, et al. v. Sandoz, Inc., et al.*, No. 2:20-cv-3539-CMR (E.D. Pa. Sept. 9, 2020), ECF No. 22. Plaintiffs have been aware of

Mallinckrodt plc's refusal to join in the stipulation since 2020 and have not been led to believe that Mallinckrodt has accepted or waived service.

Following the joint stipulation, Plaintiffs have not subsequently attempted to serve Mallinckrodt plc—an Irish company—under the appropriate channels under the Federal Rules of Civil Procedure, which would require service under the Hague Convention or alternative means authorized by the court, *see* Fed. R. Civ. P. 4(f), 4(h), nor have Plaintiffs represented that they have made any such attempts in their recent briefing, *see* ECF No. 1015 at 2-3.[1]

Moreover, Mallinckrodt's first substantive filing in the matter, made just a few weeks after the joint stipulation, was a suggestion of bankruptcy, which—consistent with Mallinckrodt plc's earlier decision not to stipulate to waive service—stated that counsel was "specially appearing for Mallinckrodt plc." *See Connecticut, et al. v. Sandoz, Inc., et al.*, No. 2:20-cv-3539-CMR (E.D. Pa. Oct. 12, 2020), ECF No. 26. Likewise, when the case was transferred back to this District from the MDL, Mallinckrodt argued in its first substantive motion (its defendant-specific motion for summary judgment) that "Mallinckrodt plc is appearing specially . . . and does not waive its jurisdictional argument." Mot. at 3 n.1.

Notably, Plaintiffs have never suggested that Mallinckrodt plc waived service and did not do so in response to Mallinckrodt's arguments on summary judgment. That is because Mallinckrodt plc's position has been clear throughout this litigation: it has never been served.

---

[1] Service of a court summons, by which act the court obtains authority over the party summoned, is an exercise of governmental power; one government is generally prohibited from exercising sovereign power in the territory of another without its consent, partly as a matter of international comity. *Cf. Att'y Gen. of Can. v. R.J. Reynolds Tobacco Holdings, Inc.*, 268 F.3d 103, 111 n.6 (2d Cir. 2001). Such matters are not trivial, particularly where a foreign company is involved, and cannot be lightly waived.

II.     **<u>MALLINCKRODT PLC HAS PRESERVED A DEFENSE OF LACK OF PERSONAL JURISDICTION.</u>**

Mallinckrodt plc has preserved its defense of lack of personal jurisdiction.  Indeed, in the answer, Mallinckrodt plc expressly denied Plaintiffs' allegation that "[t]his Court may exercise personal jurisdiction over" Mallinckrodt plc.  ECF No. 433 ¶ 26.  Denying an allegation that the court has personal jurisdiction is substantively identical to pleading lack of personal jurisdiction as an affirmative defense, and—for the reasons below—has the same legal effect.  It is that defense—lack of personal jurisdiction—that Mallinckrodt's Motion was asserting, despite the brief reference to Plaintiffs' failure to effect service.  *See* Mot. at 3 & n.1 (arguing that "Plaintiffs have failed to establish personal jurisdiction over Mallinckrodt plc").

Courts in this circuit have found that a defendant's express denial of a complaint allegation regarding personal jurisdiction over the defendant is sufficient to preserve a personal jurisdiction defense, even where lack of personal jurisdiction was not listed as an affirmative defense in the answer.  *See Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.*, No. 00-cv-0201, 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001) (further explaining that "to find that a defendant thereby waives its jurisdictional defense is to elevate form over substance"); *Bell v. Shah*, No. 3:05-cv-0671, 2006 WL 860588, at *1 (D. Conn. Mar. 31, 2006) (same).  Indeed, "courts faced with identical circumstances have unanimously held that the defendants preserved their lack-of-personal-jurisdiction defenses."  *Fabara v. GoFit, LLC*, 308 F.R.D. 380, 399 (D.N.M. 2015) (collecting cases).  And, as with Mallinckrodt plc, "[a]t no point could it be reasonably said that [the defendants] effectively consented to jurisdiction through their actions."  *McDermott v. FedEx Ground Sys.*, 520 F. Supp. 2d 254, 257 (D. Mass. 2007) (holding that "denial of the Complaint's allegations of jurisdiction is sufficient, at the outset, to preserve the defense of lack of personal jurisdiction").  Moreover, under the Federal Rules of Civil Procedure, all pleadings "must be

construed as to do justice"—which counsels against waiver in this context. Fed. R. Civ. P. 8(e); *see also Phat Fashions*, 2001 WL 1041990, at *3 (same); *Bell*, 2006 WL 860588, at *1 (same); *see also Cole v. Greene*, No. 3:11-cv-543, 2013 WL 1759571, at *2 (D. Conn. Apr. 24, 2013) (recognizing that a party could properly "otherwise dispute" jurisdiction, even if not listed in affirmative defenses).[2]

With Mallinckrodt having validly contested this Court's jurisdiction in its opening Motion, Plaintiffs' responsive briefing failed to establish a basis for this Court to exercise personal jurisdiction over Mallinckrodt plc. *See Farrar v. Town of Stratford*, 537 F. Supp. 2d 332, 356 (D. Conn. 2008) (granting summary judgment to defendant where defendant moved for summary judgment and plaintiff "in his opposition memorandum . . . presented no legal arguments to support his . . . claim"). Plaintiffs' only argument addressing Mallinckrodt plc's personal jurisdiction argument was that it was too cursory, even though Mallinckrodt had clearly articulated that argument in the Motion, cited to the relevant portion of the record, and further supported the argument with case law on reply. *See* Mot. at 3 & n.1; ECF No. 1307 at 3 (collecting cases); *cf. Buccellati Holding Italia Spa v. Laura Buccellati, LLC*, 2014 WL 1325748, at *4 (S.D.N.Y. Mar. 17, 2014) (no waiver where argument was clearly raised in body of brief even while not including citations). Because Plaintiffs presented no facts or law in their Opposition in response to Mallinckrodt's argument regarding lack of personal jurisdiction, they have waived that argument. *See Farrar,* 537 F. Supp. 2d at 356.

---

[2] In another case within this circuit, a federal district court found that the defense was preserved even when the defendant responded to the plaintiff's personal jurisdiction allegation by stating the defendant "lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 [of the Complaint], and must deny [the] same." *Boss Prods. Corp. v. Tapco Int'l Corp.*, No. 00-cv-0689E(M), 2001 WL 135819, at *1 (W.D.N.Y. Feb. 16, 2001) (alterations in original). By contrast, Mallinckrodt plc expressly denied the allegation regarding personal jurisdiction in its answer, making its preservation of that defense even more apparent. *See* ECF No. 433 ¶ 26.

**III.    THE ISSUE PRESENTED IS IMMATERIAL BECAUSE INJUNCTIVE RELIEF WOULD BE INAPPROPRIATE AS TO MALLINCKRODT PLC.**

The result of the Court's order granting the portion of Mallinckrodt's Motion on the unavailability of monetary relief means that only claims for injunctive relief remain against the Mallinckrodt Defendants. Yet, with respect to Mallinckrodt plc, not only is it Mallinckrodt plc's understanding that the States never sought injunctive relief against it, but injunctive relief would be meaningless against Mallinckrodt plc.  Mallinckrodt plc was never involved in the day-to-day operations of the generics business and thus has always been an inappropriate target for injunctive relief, as the States appeared to understand.

But any doubt that injunctive relief against Mallinckrodt plc would be inappropriate was put to rest in late 2025, when Mallinckrodt plc completed a spinoff of its generics business in 2025.[3]  *See* Form 8-K (Mallinckrodt plc) at 2 (Nov. 10, 2025), https://www.sec.gov/Archives/edgar/data/1567892/000110465925109241/tm2530694d1_8k.htm.  In other words, Mallinckrodt plc is no longer even arguably connected to the generics business at issue.[4]  Therefore, there is nothing to enjoin as to Mallinckrodt plc; from a practical perspective, it is meaningless to retain Mallinckrodt plc in this litigation, given Mallinckrodt plc was never served, never voluntarily accepted service, and is not subject to the personal jurisdiction of this Court.

**CONCLUSION**

In light of the foregoing, Mallinckrodt respectfully requests that the Court dismiss the remaining claims against Mallinckrodt plc.

---

[3] As of November 11, 2025, Mallinckrodt plc is now known as Keenova Therapeutics plc and focuses its business on pharmaceutical products that are not at issue in this case.

[4] The recent settlements preliminarily approved by this Court involve only injunctive relief with respect to the *generics* businesses of Bausch and Lannett.  *See* ECF No. 1179-1 at 6-8 (applying only to generic pharmaceutical products); *see* ECF No. 1364 (preliminarily approving settlements).

Dated: March 9, 2026                          Respectfully submitted,

                                    By:  */s/ Jane E. Willis*
                                         Jane E. Willis (PHV25421)
                                         Andrew J. O'Connor (PHV208240)
                                         Phillip Z. Yao (PHV208241)
                                         ROPES & GRAY LLP
                                         800 Boylston Street
                                         Boston, MA 02199-3600
                                         Tel: (617) 951-7000
                                         Fax: (617) 951-7050
                                         jane.willis@ropesgray.com
                                         andrew.oconnor@ropesgray.com
                                         phillip.yao@ropesgray.com

                                         *Counsel for Mallinckrodt Inc., Mallinckrodt*
                                         *LLC, and specially appearing for Mallinckrodt*
                                         *plc*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 9, 2026, I caused the foregoing document to be filed via CM/ECF, which sends notice of such filing to all counsel of record.

*/s/ Jane E. Willis*
Jane E. Willis
