**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| STATE OF CONNECTICUT, *et al.*, <br>     *Plaintiffs*, <br><br>          v. <br><br> SANDOZ, INC., *et al.*, <br>     *Defendants*. | Case No. 3:20-cv-00802-MPS <br><br><br> March 23, 2026 |

**PLAINTIFF STATES' RESPONSE TO**
**MALLINCKRODT'S SUPPLEMENTAL SUMMARY JUDGMENT BRIEFING**
**ON SERVICE AND PERSONAL JURISDICTION**

By failing to assert the affirmative defenses of "insufficient service of process"[1] and "lack of personal jurisdiction" in its first responsive pleading or answer, as expressly required under Federal Rules of Civil Procedure 12(b)(2), (5), Defendants Mallinckrodt plc, Mallinckrodt Inc., and Mallinckrodt LLC (collectively "Mallinckrodt")[2] have waived this argument. Fed. R. Civ. P. 12(h)(1). Mallinckrodt has also forfeited the right to challenge service of process and personal jurisdiction given its substantial delay (*i.e.*, failing to assert the defenses until its July 9, 2025 summary judgment motion (ECF No. 988)), as well as its significant involvement in this litigation, *i.e.*, joining numerous substantive motions filed by other co-conspirator Defendants. Finally, requiring Mallinckrodt to submit to the jurisdiction of this Court is fair and just given Mallinckrodt's role in the conspiracies, its voluntary bankruptcy filing and subsequent discharge

---

[1] Plaintiff States do not contest Mallinckrodt's assertion that Mallinckrodt plc has not been properly served pursuant to the Federal Rules of Civil Procedure. Mallinckrodt's Supplemental Briefing Regarding Mallinckrodt's Motion for Summary Judgment at 3, 6, ECF No. 1377 ("Mallinckrodt Supp. MSJ").

[2] Although Mallinckrodt's argument relating to service of process and personal jurisdiction are directed specifically towards "Mallinckrodt plc," because its Answer and prior briefs were filed on behalf of *all entities collectively*, and because Mallinckrodt seeks dismissal on behalf of all entities, this supplemental response is directed to all Mallinckrodt entities collectively.

1

(thereby erasing any chance for consumers to obtain monetary relief), and that the sole remedy being sought by Plaintiff States is an injunction against similar anticompetitive conduct.[3]

## ARGUMENT

### I. MALLINCKRODT HAS WAIVED ITS OBJECTION TO IMPROPER SERVICE AND PERSONAL JURISDICTION

Under Federal Rule of Civil Procedure 12(b), Mallinckrodt was required to assert the affirmative defenses of insufficient service of process and lack of personal jurisdiction in its first responsive pleading or answer. Fed. R. Civ. P. 12(b)(2), (5). Failing to do so waives its ability to assert those defenses. Fed. R. Civ. P. 12(h)(1); *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 705, (1982) ("personal jurisdiction represents first of all an individual right, [which] can, like other such rights, be waived…. the failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection."); *Roberts v. Bennaceur*, 658 F. App'x 611, 616 (2d Cir. 2016) (summary order) ("Federal Rule of Civil Procedure 12(h)(1) requires a party to raise a defense of lack of personal jurisdiction either by motion or in a responsive pleading; otherwise, the defense is deemed waived."). Nonetheless, rather than filing a Rule 12(b) motion, on September 15, 2024, Mallinckrodt filed an Answer with

---

[3] Plaintiff States do not respond to Mallinckrodt's new arguments in its supplemental response as to the impact of its alleged "spinoff of its generic business" in November 2025, Mallinckrodt Supp. MSJ at 6, as it is irrelevant to wavier of its affirmative defenses of lack of personal jurisdiction and service of process – the sole topic for its supplemental briefing under the Court's order. ECF 1351. Moreover, new factual issues raised should favor *denying* summary judgment, as it likely suggests a dispute of fact. In any event, given the short response time, it would be unfair to require Plaintiff States to respond to these new arguments and assertions without adequate time to corroborate and evaluate the impact, which is why courts often do not permit new issues to be raised in responsive summary judgment briefs. *See Domino Media, Inc. v. Kranis,* 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998), *aff'd,* 173 F.3d 843 (2d Cir. 1999)(" New arguments first raised in reply papers in support of a motion will not be considered"); *Talarico v. Excellus Health Plan, Inc.,* No. 6:14-CV-1058 GTS/ATB, 2015 WL 2122176, at *3 (N.D.N.Y. May 6, 2015)( noting "the general rule prohibiting the submission of new evidence in a reply.")

a general denial to the allegation in the Plaintiff States' Amended Complaint that "[t]his Court may exercise jurisdiction over all the Defendants. . . ," ECF No. 433 ¶26,[4] despite asserting thirty-five affirmative defenses (none challenging service or personal jurisdiction).

Mallinckrodt acknowledges that its general denial did not comply with Fed. R. Civ. P.12(h)(1),[5] but insists that it should nonetheless not be deemed to have waived these defenses because its response was essentially good enough, and its failure to comply was not prejudicial. First, Mallinckrodt insists that its Answer "expressly denied" personal jurisdiction – despite never mentioning insufficient service or personal jurisdiction – and thereby contends that it effectively complied with the F.R.C.P. 12(h)(1) in spirit because the denial was "substantially identical to pleading lack of personal jurisdiction as an affirmative defense." Mallinckrodt Supp. MSJ at 4. And Mallinckrodt goes on to claim – without citing any legal support – that such a denial "has the same legal effect." *Id.*   However, a party cannot unilaterally choose which procedural rules it will follow, as the rules provide fairness, consistency, transparency, and reasonable expectations to all parties. *See Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.,* 169 F.R.D. 28, 35 (W.D.N.Y. 1996)("The purpose of the Rules is to provide litigants with a uniform set of procedures . . . Litigants and their lawyers are entitled to rely on the assumption that all other litigants and lawyers are operating under the same set of Rules and will be held accountable by the courts for

---

[4] "ANSWER: Paragraph 26 contains legal conclusions to which a response is not required. To the extent a response is required, Mallinckrodt denies the allegations in Paragraph 26." ECF No. 433, ¶26.
[5] Mallinckrodt admitted as much when it argued that "[d]enying an allegation that the [C]ourt has personal jurisdiction is substantively identical to pleading lack of personal jurisdiction as an affirmative defense," Mallinckrodt Supp. MSJ at 4. Moreover, cases that Mallinckrodt cites and relies upon acknowledge that a general denial in an answer fails to comply with Rule 12(h)(1). *See Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.,* No. 00CIV0201, 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001) ("The *Boss Products* court reasoned that *although a denial of this type in an answer does not technically comply with Rule 12(h)(1) . . .* ")(emphasis added). *Boss Products* is cited at Mallinckrodt Supp. MSJ, n.2.

noncompliance.")  Neither do the cases cited by Mallinckrodt support its waiver argument, as all are either distinguishable[6] or not controlling.[7]

Second, Mallinckrodt avers that its failure to comply with Fed. R. Civ. P. 12(b) should not waive its defenses as to insufficient service and personal jurisdiction because it has taken a "consistent position as to the service" and that the States had "clear notice" and "lack of prejudice." Mallinckrodt Supp. MSJ at 1, 2.  Yet, Mallinckrodt cites only two filings – both of which were made years ago and shortly after the Complaint was filed[8] – and with the second filing having nothing to do with the litigation (only informing the Court of its bankruptcy filing.)[9]  Moreover, even had Mallinckrodt provided "clear notice" of its intent to contest service and personal

---

[6] *Phat Fashions, supra* note 5, is distinguishable because that court found that the "Plaintiff was on notice that Defendant intended to bring th[e] motion" to dismiss for lack of jurisdiction both early on and "during the pendency of the litigation," and the delay was only thirteen months after the Complaint was filed (rather than five years, as here).  *Id.* at *3-4.  *Bell v. Shah*, 2006 WL 860588 (D. Conn. Mar. 31, 2006) involves a *pro se* defendant and thus the court was much more hesitant to find wavier, as "procedural deficiencies will not defeat *pro se* defendants' motions since they are entitled to more lenient treatment." *Id* at *1. And reliance on *Cole v. Greene*, 11-cv-543, 2013 WL 1759571 (D. Conn. Apr. 24, 2013) is perplexing since that court *found waiver* for failure to timely file a motion to dismiss. ("Because the defendant failed to include that defense in its first responsive pleading, *see* Fed.R.Civ.P. 12(h)(1), the defense has been waived.") *Id.* at *2

[7] Only the out-of- circuit case *McDermott v. FedEx,* 520, F.Supp.2d 245 (D.Mass.2007) supports Mallinckrodt's argument that a defendant need not plead lack of personal jurisdiction as an affirmative defense, but that case relied solely on a case concerning forfeiture rather than waiver, suggesting it conflated the analysis.   In the other out-of-circuit case, *Fabara v. GoFit, LLC*, 308 F.R.D. 380, 397 (D.N.M. 2015) the court declined to find waiver as the defendant filed an answer with a general denial shortly after the complaint was filed, followed by a motion to dismiss for lack of personal jurisdiction three months later. In contrast, Mallinckrodt's delay was much longer.

[8] Mallinckrodt refers to the September 2020 Stipulation, where it declined to stipulate to waiving service, and an October 2020 letter informing the Court of its bankruptcy petition.  20-cv-3559 (E.D. Pa.), ECF No. 21 and ECF No. 26, respectively.  However, Mallinckrodt makes too much of the stipulation, as refusing to stipulate to waive service is not equivalent to contesting the legal sufficiency of service, much less asserting an appropriate affirmative defense under Fed. R. Civ. P. 12(b) – as it was required to do.

[9] Mallinckrodt puts great emphasis on its counsel's signature block having "specially appearing" on these two filings, despite the fact that it was neither a "consistent" practice (*e.g.*, "specially appearing" was omitted from its counsel' signature block on Mallinckrodt's Answer, ECF No. 433, as well as from *numerous* briefs that Mallinckrodt joined with other Defendants, *see infra* note 11), nor does its counsel's designation as "specially appearing" carry any relevant legal significance. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) ("The need to file a special appearance in order to object to jurisdiction or venue has vanished").

jurisdiction, that is no excuse for failing to comply with Fed. R. Civ. P. 12(b), and thus does not negate waiver under Fed. R. Civ. P. 12(h)(1).

## II.    MALLINCKRODT HAS FORFEITED ITS RIGHT TO CONTEST IMPROPER SERVICE AND PERSONAL JURISDICTION

Even had Mallinckrodt timely and properly asserted the affirmative defenses of insufficient service of process and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b), it has lost the ability to assert them presently due to its litigation conduct.    Whether characterized as a "forfeiture," "waiver by conduct," "estoppel," or "implied consent," courts have held that a party may lose its rights to challenge personal jurisdiction due to its pretrial conduct.  *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704-05, 102 S. Ct. 2099, 2105(1982) ("[T]he requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue"); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011)("A court will obtain, through implied consent, personal jurisdiction over a defendant if '[t]he actions of the defendant [during the litigation] ... amount to a legal submission to the jurisdiction of the court, whether voluntary or not.'") (citing *Ins. Corp. of Ireland*, 456 U.S. at 705).

Forfeiture due to litigation conduct may be found "for various reasons," *Ins. Corp. of Ireland*, 456 U.S. at 704, and in evaluating its appropriateness courts look to "all the relevant circumstances." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999); s*ee also Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) ("[U]nder all the circumstances, we conclude that defendant's conduct bars it from complaining about the defective form of service."). Common, relevant reasons for forfeiture are delay in asserting the defenses (and opportunities to assert the defense), as well as participation in pretrial litigation. *See, e.g.,  Hamilton*, 197 F.3d at 61-62 (four year delay in contesting personal jurisdiction as well

5

as significant pretrial participation supported forfeiture); *Saratoga Harness Racing, Inc. v. Veneglia*, No. 94-CV-1400, 1997 WL 135946, at *8 (N.D.N.Y. Mar. 18, 1997) (forfeiture because "defendants have had over one full year to contest either the sufficiency of process or this Court's personal jurisdiction over them"); *Roberts v. Bennaceur,* 658 F. App'x 611, 617 (2d Cir. 2016) (upholding that "Defendants had forfeited their personal jurisdiction defense by 'engag[ing] in significant motion practice and pretrial discovery.'").

Here, Mallinckrodt waited until its July 2025 motion for summary judgment – over a year after the Amended Complaint (ECF No. 196) was filed and *five years* after the Complaint was filed – to assert lack of personal jurisdiction and insufficient service of process (and did so as an afterthought in the very last line of its four-page summary judgment brief.[10]) That by itself justifies forfeiture. However, in addition, Mallinckrodt participated in this litigation by joining numerous motions and briefs filed by other co-conspirator Defendants, including: four summary judgment motions (and replies),[11] five motions to exclude Plaintiff States' experts,[12] three briefs challenging certain state law claims,[13] and even a motion seeking monetary sanctions (ECF No. 395). These actions, seeking assistance from the Court to obtain certain relief – including issues directly on the merits – unequivocally "amount to a legal submission to the jurisdiction of the [C]ourt." *Ins. Corp. of Ireland*, 456 U.S. at 704-05.

---

[10] The last full line of the brief provides:  "*In addition*, Plaintiffs have failed to establish personal jurisdiction over Mallinckrodt plc, which is an Irish corporation that has never itself manufactured or sold the relevant products and that was never served in this action." ECF No. 988. (Emphasis added).

[11] Joint Motion for Summary Judgment on Overarching Conspiracy Claims, ECF No. 609 (reply at ECF No. 614); Joint Motion for Summary Judgment on Statute of Limitations and Laches Grounds, ECF No. 617 (reply at ECF No. 621); Joint Motion for Summary Judgment on Claim Splitting, ECF No. 624 (reply at ECF No. 627); Joint Motion for Summary Judgment on State law Equitable Claims, etc., ECF No. 629 (reply at ECF. No. 633).

[12] *See* Motions to Preclude Opinions and Proposed Testimony of the following Plaintiff Experts: Hal Singer, ECF No. 336; Dr. Frederick Warren-Boulton, ECF No. 337; Fred Carstensen, ECF No. 339; Aaron Kesselheim; and Jay Albanese, ECF No. 344.

[13] Mallinckrodt joined briefs filed by other co-conspirator Defendants challenging the interpretation and/or impact of changes to Indiana's Antitrust Act, ECF No. 475; Nevada's Deceptive Trade Practices Act, ECF No. 477, and Tennessee's antitrust laws, ECF No. 485.

### III.    FAIRNESS AND JUSTICE SUPPORT WAIVER AND FORFEITURE

Mallinckrodt evokes Fed. R. Civ. P. 8(e) to suggest that it would not "do justice" for this Court to retain personal jurisdiction over them in this litigation.  Mallinckrodt Supp. MSJ at 4-5. This claim is as incredulous as it is bold, as justice and equity clearly favors not dismissing the case as Mallinckrodt seeks. Despite Mallinckrodt's involvement in a long running conspiracy and evidence submitted by the Plaintiff States that this caused increased prices for consumers while Mallinckrodt and co-conspirator Defendants profited, Mallinckrodt will not be required to provide any monetary compensation to victims due to it seeking voluntary bankruptcy protection, as this Court recently confirmed.  ECF No. 1351.  Consequently, all that remains is Plaintiff States' efforts to seek injunctive relief to help ensure that Mallinckrodt does not repeat its illegal conduct.  Allowing the case to proceed will still allow Mallinckrodt to move at a later date to challenge the scope and terms of injunctive relief sought, but dismissing the action, as Mallinckrodt requests, will allow it to escape any and all accountability for its illegal actions.

### CONCLUSION

For the reasons identified in this motion, Plaintiff States respectfully request that this Court find that Mallinckrodt has waived and/or forfeited its affirmative defenses as to lack of jurisdiction, Fed. R. Civ. P. 12(b)(2), and insufficient service of process, Fed. R. Civ. P. 12(b)(5), and deny Mallinckrodt's motion for summary judgment.

Respectfully submitted this 23rd day of March, 2026

STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL

*/s/ Saami Zain*[14]

Saami Zain
Bar number phv208329
Robert Hubbard
Federal Bar No. Ct30195
Assistant Attorneys General
Antitrust Bureau
28 Liberty Street, 20th Floor
New York, NY 10005
Tel: (212) 416-6360
Saami.Zain@ag.ny.gov
Robert.Hubbard@ag.ny.gov

*Counsel for the State of New York*

---

[14] Counsel for Plaintiff State of New York represents the consent of all Plaintiffs in the above-captioned case pursuant to Section XI.D. of the Electronic Filing Policies and Procedures.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2026, the foregoing document, was served by e-mail on all counsel of record in this action by operation of the Court's Electronic Filing System as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: March 23, 2026

/s/ Saami Zain
Saami Zain
Assistant Attorney General