**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STATE OF CONNECTICUT, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>AUROBINDO PHARMA USA, INC., et al.,<br><br>*Defendants.* | No. 3:16-cv-02056-MPS |
| STATE OF CONNECTICUT, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. et al.,<br><br>*Defendants*. | No. 3:19-cv-00710-MPS |
| STATE OF CONNECTICUT, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>SANDOZ, INC., et al.,<br><br>*Defendants*. | No. 3:20-cv-00802-MPS |

**ORDER GRANTING FINAL APPROVAL OF PLAINTIFF STATES' SETTLEMENTS WITH BAUSCH AND LANNETT AND FOR ALLOCATION OF SETTLEMENT FUNDS**

AND NOW, upon review and consideration of the Plaintiff States' Motion for Final Approval of Settlements with Defendants Bausch Health US, LLC and Bausch Health Americas, Inc. ("Bausch") and Defendant Lannett Company, Inc. ("Lannett") (collectively referred to as the "Settlements") and for Allocation of Settlement Funds, it is hereby ORDERED that the motion is GRANTED as follows:

1. The Court has jurisdiction over this action and each of the parties.

2. The Court, for purposes of this Order, adopts the definitions set forth in the Settlements.

3. The Court has reviewed and assessed the fairness, reasonableness, and adequacy of the Settlements and finds that the Settlements are the product of arm's-length, informed, and non-collusive negotiations, have no obvious deficiencies, and are fair, reasonable, and appropriate and thus entitled to final approval.

4. The Court finds the Settlements satisfy the requirements of the applicable state laws and due process.

5. The Court finds that the dissemination of Notice to Consumers[1] and the establishment and maintenance of a dedicated website were implemented in accordance with the Order granting preliminary approval, satisfies due process, and constitutes the best notice practicable under the circumstances.

6. The Court approves the Settlements' allocation of Settlement Funds to Corporate Entities and directs that all funds allocated to Corporate Entities' restitution be held in escrow and that the distribution be deferred until a future appropriate time and upon a future motion by the States.

7. The Court finds that the dissemination of Notice to Corporate Entities in Idaho was implemented in accordance with the Order granting preliminary approval and constitutes reasonable and adequate notice under the circumstances.

---

[1] Capitalized terms are defined terms in the Settlements and in the States' Memorandum of Law in Support of Plaintiff States' Motion for Final Approval of Settlements with Bausch and Lannett and for Allocation of Settlement Funds.

8. All Consumers and Corporate Entities in Idaho who submitted valid requests for exclusion from the Settlements on or by May 6, 2026, shall not be bound by the Settlements and may not make any claim or receive any benefit from the Settlements.

9. The Court finds that one timely objection was made to the Settlements, filed as ECF No. 969 (3:16-cv-02056-MPS), No. 928 (3:19-cv-00710-MPS), and No. 1389 (3:20-cv-00802-MPS). After reviewing the sole objection, the Court does not alter its finding that the Settlements, by their terms, are fair, reasonable, and appropriate.

10. The Settlements fully and finally compromises, settles, and resolves the States' claims against Bausch and Lannett subject to the terms and conditions set forth in the Settlements.

11. The Court approves the allocation of 70% of the Settlement Funds (after subtracting the funds allocated to Corporate Entities) to restitution for Consumers and State Entities ("Restitution Account"), and 30% of the Settlement Funds to payment for the States' settlement notices and administration costs and litigation costs ("Cost Account").

12. The Court approves the following allocation of the Restitution Accounts between Consumers and State Entities:

a. The Heritage Restitution Account shall be divided as follows: $3,833,997.54 to Consumers and $2,166,002.46 to State Entities.

b. The Bausch Restitution Account shall be divided as follows: $1,803,007.56 to Consumers and $996,992.44 to State Entities.

c. The Lannett Restitution Account shall be divided as follows: $6,085,800 to Consumers and $ 3,364,200 to State Entities.

13. The Court approves the Settlements' allocation of Settlement Funds to Corporate Entities and directs that all funds allocated to Corporate Entities' restitution be held in escrow and that the

distribution be deferred until a future appropriate time and upon a future motion by the States.

14. The Court approves allocation and distribution of $1,200,000 from the Bausch Settlement Payment and $4,050,000 from the Lannett Settlement, held in escrow in the Cost Account, to the States for the payment of Settlement Administration Costs and litigation costs, including attorney fees.

15. Upon final approval of a plan of allocation, the funds allocated to State Entities may be distributed to the States to be allocated among the states at the States' discretion.

16. The States shall submit for the Court's consideration a motion to approve an allocation and distribution plan for Settlement Funds allocated to Consumers at an appropriate future time.

17. All potentially impacted Consumers shall be provided additional notice and an additional opportunity to exclude themselves or opt out when a proposed plan of allocation of consumer restitution is filed with the Court.

18. All claims brought in this matter against Bausch and Lannett Releasees shall be dismissed with prejudice as to Bausch and Lannett Releasees only and, except as provided for in the Settlements.

19. The Court retains exclusive jurisdiction over the Settlements, including the administration and consummation of the Settlements, for the purpose of enforcing the Settlement Agreements. The parties shall abide by all terms of the Settlement Agreements and this Order.

20. The States' Motion for Final Approval is GRANTED, and the Court approves the Settlements in their entirety.

21. This Order shall be final and immediately appealable as to the Bausch and Lannett Releasees.

It is so ORDERED.

BY THE COURT:

/s/
Hon. Judge Michael. P Shea
United States District Court

Dated: Hartford, Connecticut
May 27, 2026