**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STATE OF CONNECTICUT, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>AUROBINDO PHARMA USA, INC., et al.,<br><br>*Defendants.* | No. 3:16-cv-02056-MPS |
| STATE OF CONNECTICUT, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. et al.,<br><br>*Defendants.* | No. 3:19-cv-00710-MPS |
| STATE OF CONNECTICUT, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>SANDOZ, INC., et al.,<br><br>*Defendants*. | No. 3:20-cv-00802-MPS<br><br><br>August 3, 2026 |

**PLAINTIFF STATES' PLAN OF ALLOCATION AND DISTRIBUTION OF**
**CONSUMER RESTITUTION FUNDS**

The Plaintiff States[1] ("States") hereby submit a proposed plan of allocation and distribution

---

[1] Plaintiff States or States means Connecticut, Alaska, Arizona, California, Colorado, District of Columbia, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, U.S. Virgin Islands, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming, and is intended to include every remaining plaintiff in either of the three actions that comprise the States' Actions.

1

("Allocation and Distribution Plan") for allocating all settlement funds received from settlements in the States' Actions[2] ("Settlement Funds") that are designated and held in escrow for consumer restitution (the "Consumer Restitution Funds"). Pursuant to this Allocation and Distribution Plan, the Consumer Restitution Funds will be distributed to Eligible Consumers (see definition below) who submit timely Claim Forms ("Claimants") demonstrating valid and accepted claims ("Qualifying Claimants"). Generally, with the exception of Eligible Consumers residing in a few states,[3] the Plaintiff States' proposed Allocation and Distribution Plan apportions the Consumer Restitution Funds based on each Claimant's choice between two options, namely: (i) an equal share, or (ii) a share based on the Claimant's estimated spend[4] on qualifying purchases. A Claimant's choice will apply to each settlement for which the Claimant is an Eligible Consumer.

The Plaintiff States' Allocation and Distribution Plan propose an initial distribution of Consumer Restitution Funds that have already been received[5] and will continue to be held in escrow upon final approval of this proposed Allocation and Distribution Plan ("Initial

---

[2] *Connecticut v. Aurobindo Pharma USA, Inc.*, 3:16-cv-02056, *Connecticut v. Teva Pharmaceuticals USA, Inc.*, 3:19-cv-00710, and *Connecticut v. Sandoz, Inc.*, 3:20-cv-00802.

[3] As explained *infra* at Section II(C), Consumers who reside in Alabama, Arkansas, Hawaii, and Texas are not represented by their Attorneys General in the States' Actions and are only members of the End Payer Purchaser ("EPP") settlement class in the Apotex settlement. Consequently, these Consumers are only entitled to a minimum and fixed payment—to be determined at final approval—and only from Consumer Restitution Funds received from the settlement with Apotex.

[4] A Consumer's estimated spend means the total amount the Consumer estimates they paid out of pocket for any Drugs at Issue during the Time Period (see definitions below).

[5] Which includes Consumer Restitution Funds from settlements with Defendants Heritage Pharmaceuticals Inc., Emcure Pharmaceuticals Ltd., and Satish Mehta ("Heritage Settlement"), ECF No. 767 (3:16-cv-02056-MPS), No. 635 (3:19-cv-00710-MPS), and No. 602 (3:20-cv-00802-MPS); Defendant Apotex Corp. ("Apotex Settlement"), ECF No. 875 (3:16-cv-02056-MPS), No. 760 (3:19-cv-00710-MPS), and No. 835 (3:20-cv-00802-MPS); Defendants Bausch Health US, LLC and Bausch Health Americas, Inc. ("Bausch Settlement"), Defendant Lannett Company, Inc. ("Lannett Settlement"), ECF No. 990 (3:16-cv-02056-MPS), No. 948 (3:19-cv-00710-MPS), and No. 1432 (3:20-cv-00802-MPS); and Defendant Glenmark Pharmaceuticals, Inc., USA, ECF No. 1009 (3:16-cv-02056-MPS), No. 968 (3:19-cv-00710-MPS), and No. 1461 (3:20-cv-00802-MPS).

Distribution").

The proposed Allocation and Distribution Plan is an efficient, fair, and reasonable way to allocate the Consumer Restitution Funds. It is designed to make it easy for Eligible Consumers to submit a claim, and to encourage the submission of claims by Eligible Consumers.

## I.   THE PLAN OF ALLOCATION

The Allocation and Distribution Plan proposed by the Plaintiff States has two parts: (a) a proposed allocation and (b) a proposed distribution. This section summarizes the proposed allocation of Consumer Restitution Funds to Eligible Consumers.

### A.  <u>Eligible Consumers</u>

In order for a consumer to be eligible to receive payment from the Consumer Restitution Funds, the consumer must meet the following requirements ("Eligible Consumer"):

1) Is an individual, natural person ("Consumer");

2) Purchased one or more Drugs at Issue between May 1, 2009, and December 31, 2019 ("Time Period");

3) Purchased the Drug(s) at Issue while in the United States (*i.e.*, foreign purchases are excluded);

4) Did not purchase the Drug(s) at Issue for resale or distribution to others[6];

5) Did not purchase the Drug(s) at Issue directly from any of the Defendants[7] in the States' Actions;

---

[6] If a Consumer purchased one or more of the Drugs at Issue for another Consumer, *e.g.*, family member, friend, neighbor, *the person who paid for the Drugs at Issue* should fill out and submit a Claim Form, with assistance from another, if necessary.

[7] If a Consumer purchased Drugs at Issue both directly from Defendants (or for resale to others) and indirectly (*e.g.*, from a pharmacy), the Consumer is eligible to receive payment from an Initial Distribution with respect to *only the Consumer's indirect purchases* (*i.e.*, those that were not for resale or distribution to others).

6) Is not an officer, director, management, or employee of any of the Defendants, their subsidiaries, or affiliates; and

7) Currently resides in a state that is a party to one or more settlements in the States' Actions,[8] *or* for purposes of eligibility for a payment from the Apotex Settlement only, currently resides in Alabama, Arkansas, Hawaii, or Texas.[9]

### B.  Current State of Residence

A Consumer's current state of residence will affect the amount that Consumer is eligible to receive from the Consumer Restitution Funds. The States have accumulated Settlement Funds from multiple settlements, with a portion of each settlement being allocated to the Consumer Restitution Fund. **An Eligible Consumer may receive payment from a settlement only if the Eligible Consumer resides in a state that is a party to that settlement**. **For the Apotex Settlement only, an Eligible Consumer may receive payment if the Eligible Consumer resides in a state that is a party to the Apotex settlement or in Alabama, Arkansas, Hawaii, or Texas.**[10] Consequently, while a resident of any of the currently litigating States, Commonwealths, or

---

[8] Those States are: Connecticut, Alaska, Arizona, California, Colorado, District of Columbia, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Louisiana, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, U.S. Virgin Islands, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

[9] Consumers residing in Alabama, Arkansas, Hawaii, and Texas are not represented by their Attorneys General in the States' Actions and are only members of the End Payer Plaintiffs ("EPP") in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724 (E.D. Pa.) that joined the States' settlement with Apotex.

[10] The Apotex settlement, unlike the other Plaintiff States' settlements, was joined by the plaintiffs in the private End-Payer class action, and the Apotex Settlement includes the additional Consumers represented by the End-Payer plaintiffs in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724 (E.D. Pa.) ("EPP Consumers").

Territories (including the District of Columbia)[11] may be an Eligible Consumer and thus, qualify for payment under each and every of the States' current settlements (*e.g.*, Heritage, Apotex, Bausch, and Lannett), a resident of other states may not be so eligible. For example, if a Consumer resides in Missouri or Louisiana, that Consumer may only be considered an Eligible Consumer for the Heritage and Apotex settlement funds. Similarly, a Consumer who currently resides in Alabama, Arkansas, Hawaii, or Texas may be considered an Eligible Consumer only for funds received from the Apotex settlement.

Residence. For purposes of the States' proposed Allocation and Distribution Plan, a Consumer's *current* residence will determine the Consumer's eligibility for payment as well as the amount that the Consumer may receive. Where the Consumer currently resides will be determined as of the date the claim is submitted, rather than at the time and place where that Consumer purchased the Drug(s) at Issue.

Moving After Submitting an Initial Claim. For purposes of being an Eligible Consumer and receiving payment from the Consumer Restitution Fund, a change of residence to another state *after* submitting a claim may not necessarily *disadvantage* a Consumer but *may* potentially *benefit* the Consumer. For example, if a Consumer moves to a different state *after* filing a claim and the move would make that Consumer an Eligible Consumer for settlement funds for which the Consumer was previously not eligible, the Consumer will have the opportunity to contact the Claims Administrator and request that their claim be reviewed and recalculated. However, if a

---

[11] Those States are: Connecticut, Alaska, Arizona, California, Colorado, District of Columbia, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, U.S. Virgin Islands, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

Consumer is an Eligible Consumer when that Consumer submits the Claim Form, that Consumer will not *lose* eligibility for payment from the Consumer Restitution Fund by moving to another state. Moreover, the Consumer will remain an Eligible Consumer for future distributions even if the Consumer's new state of residence is not a Plaintiff State or a party to any of the States' settlements.

For more information about eligibility to receive payment from one or more settlements included in the Consumer Restitution Fund, a Consumer should consult the settlement website at www.AGGenericDrugs.com.

### C. **Qualifying Purchases**

Qualifying purchases under the States' Allocation and Distribution Plan are purchases made in the United States of any of the Drugs at Issue between May 1, 2009, and December 31, 2019, so long as the purchases were not: (a) for resale or distribution to others; or (b) made directly from any of the Defendants in the States' Actions ("Qualifying Purchases"). "Drugs at Issue" includes any generic pharmaceutical that is or was at issue in any of the States' Actions and that was manufactured by any of the Defendants in the States' Actions. A Consumer may be eligible for payment from the Consumer Restitution Funds even if the Drug at Issue the Consumer purchased was not manufactured by a settling Defendant. This is because the States are pooling recoveries from all settlements (and any future recoveries in the States' Actions) to maximize the total funds available and distribute relief to Consumers more efficiently.

A full list of the Drugs at Issue is available on the settlement website at www.AGGenericDrugs.com or by calling 1-866-290-0182. A Consumer should consult the settlement website for information about whether a specific generic pharmaceutical purchase qualifies for payment from the States' Consumer Restitution Funds.

## II.    THE CLAIM FORM

### A.    Submission of a Claim Form

To request and be entitled to payment from the Consumer Restitution Funds, a Consumer *must* submit a claim for payment, providing the information requested on the "Claim Form" and certifying compliance with the eligibility requirements, including the purchase of one or more Drugs at Issue during the Time Period. The Claim Form can be filled out online and submitted electronically on the AG Generic Drug Settlements website, at www.AGGenericdrugs.com/English/Claim_Form. The Claim Form can also be downloaded from the website and submitted by mailing a hard copy to the Claims Administrator (using the address shown on the Claim Form).

A Consumer may register on the settlement website – www.AGGenericdrugs.com – to receive direct notice of any new developments and important deadlines. Consumers who have registered to receive notice about developments in the States' Actions will be sent a notice via electronic mail to submit a claim, when possible. Those who previously registered by regular mail may receive notice and a Claim Form by mail if an email address was not provided. Submission of a Claim Form does *not* necessarily ensure payment from the Consumer Restitution Funds. The Claims Administrator or the Court may reject, in whole or in part, any claim if it determines that a Consumer is not eligible to receive distribution from the Consumer Restitution Funds, or if there are legal or equitable grounds for rejection of the claim. A Consumer who submits a timely, valid Claim Form and that is rejected will have the opportunity to discuss the rejection with the Claims Administrator.

### B. Claim Options

An Eligible Consumer residing in a state other than Alabama, Arkansas, Hawaii, or Texas, and seeking payment from the Consumer Restitution Funds, will be required to select between the following options on the Claim Form:

Option 1:     The Consumer elects to receive an equal share of the settlement proceeds available to all Claimants who select this option for each settlement where the Consumer is an Eligible Consumer; or

Option 2:     The Consumer elects to receive a share of the settlement proceeds, for each settlement where the Consumer is an Eligible Consumer, based on the total estimated amount that the Consumer paid out of pocket for any Drug(s) at Issue during the Time Period.

Consumers should evaluate whether Option 1 or Option 2 is best given their individual circumstances. Option 1 does not require Consumers to estimate the amount spent on purchases of the Drugs at Issue or provide any documentation of such purchases; they are simply required to select Option 1 on the Claim Form. Eligible Consumers who select Option 1 may *receive less* than those who select Option 2.

Option 2 requires additional effort and information but may result in a larger payment. Selecting Option 2 will require Eligible Consumers to review purchases of Drugs at Issue and provide an estimate of the total amount they paid for Drugs at Issue during the Time Period.[12] Selecting Option 2 does not require the submission of documentation with the Claim Form to prove or corroborate the estimated purchases, although such documentation may be requested at a later

---

[12] The website provides advice and tips on how to estimate purchases of Drugs at Issue: www.AGGenericdrugs.com/English/Estimate.

date (and if so, a failure to respond and provide documentation could affect a Consumer's eligibility or payment). By choosing Option 2, a Consumer may receive a payment amount higher than the equal share a Consumer would receive by selecting Option 1 but will not receive less than those Consumers who chose Option 1. By choosing Option 2, a Consumer chooses to receive a payment that is proportional to the estimated amount the Consumer paid for Drugs at Issue during the Time Period.

**A failure to choose between Option 1 and Option 2 on the Claim Form will result in Option 1 being selected.** Regardless of which option is selected, the Claims Administrator will use the information provided in the Claim Form to determine eligibility and amount of payment.

### C. Special Case: Claims by Residents of Alabama, Arkansas, Hawaii, and Texas

Eligible Consumers residing in Alabama, Arkansas, Hawaii, and Texas have a separate type of claim, as these states are not plaintiffs in the States' Actions and thus purchases of Drugs at Issue made by Eligible Consumers residing in these States are represented only by the End-Payer Plaintiffs in the related action, *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724 (E.D. Pa.) ("EPP Consumers"). The End-Payer Plaintiffs in the related action have contributed compensation for consumer purchases through their participation in the settlement with Apotex Corp. but have not participated in any other settlements in the States' Actions. Thus, Consumers residing in these states are only entitled to a fixed payment (at an amount that is to be determined at final approval), which is funded by the Apotex settlement rather than choosing between Option 1 or Option 2.

Payment to Consumers who currently reside in these states, who submit a claim and are Qualifying Claimants, will also be calculated differently; *i.e.*, a share of the Consumer Restitution

Fund paid *only* from the settlement with Apotex.[13] This is a simplified claim option, which requires Consumers who currently reside in these states to certify that they purchased certain generic prescription drugs in the United States between May 1, 2009, and December 31, 2019. They will not need to provide any additional information about their purchases.

### D.  Payment Selection and Form

The Claim Form requires the selection of a "preferred payment method," *i.e.*, how a Consumer would like to receive payment. Payment through electronic form via PayPal, Venmo, or Zelle is strongly encouraged. If a Consumer does not have the ability to receive payment electronically, the Consumer may choose to receive payment via a mailed check. Mailed checks cost significantly more than electronic payments because of additional processing and delivery costs. Because the States anticipate multiple payments to Consumers, it may be more efficient for the Claims Administrator to delay issuing checks so amounts can be consolidated and duplicative administrative costs avoided. As a result, payment via a mailed check is likely to be considerably delayed compared to electronic payment (possibly by months).

**Failure to select a "preferred method of payment" will result in payment via a mailed check.** If a Consumer selects multiple payment methods, an electronic payment selected by the Consumer will be chosen by the Claims Administrator.

### E.  Claims Deadline

A deadline for the submission of a Claim Form has not yet been set by the Court. Consumers should check the AG Generic Drug Settlements website (www.AGGenericdrugs.com)

---

[13] Payment to Consumers currently residing in Alabama, Arkansas, Hawaii, and Texas and who are Qualifying Claimants will be made from a separate subset of settlement funds obtained only from the Apotex settlement.

for updated information regarding the submission of Claim Forms. The Court may modify the Allocation and Distribution Plan without further notice to Consumers. Any such modifications will be described in subsequent postings on the settlement website. A Consumer may also register on the website to receive direct notice of any new developments and important deadlines.

**Only Consumers who complete and submit a valid Claim Form by the Claims Deadline will be entitled to distribution from the Initial Distribution approved by the Court**. If a Consumer fails to submit a valid Claim Form by the Claims Deadline, that Consumer will still be able to submit a Claim Form and that Claim Form will be considered in any future distributions in the States' Actions for which that Consumer is still eligible to receive a distribution. Nevertheless, if a Consumer fails to submit a valid Claim Form by a future *final* Claims Deadline, that Consumer will be barred from participating in any distribution from the Consumer Restitution Funds (unless otherwise ordered by the Court). Consumers who do not opt out by the Opt-Out Deadline (which will be posted on the website) will be bound by all the terms of the settlements as it relates to the States' Actions, including the Allocation and Distribution Plan.

### III. CLAIMS REVIEW AND ADMININISTATION

#### A.  Claims Review Process

All Claims will be reviewed and processed by the Claims Administrator, with assistance from the States, as required and appropriate. The Claims Administrator will employ a thorough claims review process, which includes a two-part fraud prevention (front-end and back-end). At the "front-end," various tools will be employed to prevent or limit the submission of fraudulent Claim Forms. On the "back-end," the Claims Administrator will evaluate each Claim Form to filter out the Claim Forms that reasonably appear to be fraudulent. The Claims Administrator may

reject any claim that presents clear indicia of fraud, bad-faith submission, or usage of automation, without seeking additional information or correction.

In addition to efforts to detect and prevent the submission of fraudulent claims, the Claims Administrator will review Claim Forms for validity, eligibility, completeness, and corroboration (when deemed appropriate by Claims Administrator and States). The Claims Administrator will first determine whether a Claim Form received is timely, properly completed, and signed. If a Claim Form is incomplete, deficient, or if the Claims Administrator has any questions, the Claims Administrator will communicate with the Claimant via First Class Mail, email, or telephone. The Claims Administrator may also contact a Claimant who selected Option 2 to request documentation or other materials, at the discretion of the Claims Administrator and the States. Claimants will have twenty-one (21) calendar days from the date they are contacted by the Claims Administrator (based on the postmark or, if by email, date stamp of the communication) to provide a complete response to any question(s) or request(s), including, *e.g.*, seeking additional documents or information to cure deficiencies or to corroborate purchases. If a Claimant fails to adequately respond and/or correct any deficiency within twenty-one (21) days, their claim may be rejected, adjusted, or changed to an Option 1 claim, and the Claimant will be notified by either mail or email stating the reason for that action.

The Claims Administrator will also inform the Consumer whose Claim Form is changed in any way of the Consumer's right to seek review by the Court via the dispute process described below.

### B. <u>Resolution of Disputes</u>

In the event of any disputes between Claimants and the Claims Administrator (*e.g.*, timeliness, required completeness or documentation of a Claim, the calculation of a Claimant's

share of the Consumer Restitution Funds, or amount payable), the decision of the Claims Administrator will be final, subject to the Consumer's right to seek review by the Court. In notifying a Consumer of the final rejection of a Claim or a challenge thereto, the Claims Administrator will notify the Claimant of that Claimant's right to seek such review. Any such appeal by a Claimant must be submitted, in writing to the Court, with copies to the Claims Administrator and the States' counsel, within twenty-one (21) calendar days of the Claims Administrator's final rejection notification to the Claimant.

### C.  <u>Allocation Among Claimants</u>

After the Claims Administrator reviews all submitted claims and identifies all Qualifying Claimants, the Claims Administrator will work with the States to determine the amount each Claimant is entitled to receive from the Consumer Restitution Funds in the Initial Distribution. The Initial Distribution from the Consumer Restitution Fund will include funds from each settlement to date; each settlement (other than for the Apotex Settlement) will be divided in the following manner: one group for Qualifying Claimants who elected Option 1, and one group for Qualifying Claimants who elected Option 2.[14]

The allocation of settlement funds in the Consumer Restitution Fund into the different groups will depend on the following: (1) the number of Qualifying Claimants who will receive a distribution from each group; (2) the estimated Qualifying Purchases identified by Qualifying Claimants who elected Option 2; and (3) for the Apotex settlement, the total number of Qualifying Claimants who are EPP Consumers. Once funds from the Consumer Restitution Fund are allocated into the respective, separate groups, each will be divided either equally among Qualifying

---

[14] Consumer Restitution Funds received from the Apotex settlement will be allocated into three separate groups of funds for: (1) Claimants choosing Option 1, (2) Claimants choosing Option 2, and (3) Claimants who are EPP Consumers.

Claimants entitled to distribution from that group (*e.g.*, for Option 1 and EPP Consumers) or proportionally based on estimated Qualifying Purchases by Qualifying Claimants entitled to payment from Option 2.

The apportionment of funds into either the Option 1 or Option 2 group will be determined and adjusted to ensure that a Qualifying Claimant who chose Option 2 will be allocated a payment of *no less than* the payment that the Qualifying Claimant would receive under Option 1. The determination of the allocation of funds into the different groups will consider the allocation's effect on the amount each Option 2 Qualifying Claimant will receive per-settlement and compare that with the payment each Option 1 Qualifying Claimant will receive per-settlement, to reach an equitable allocation among the two groups and to ensure that the allocation does not exceed available funds.

The Apotex settlement funds will also be allocated among the Option 1, Option 2, and EPP Consumers groups, through an allocation process that will ensure that a Qualifying Claimant who chose Option 2 will receive a payment of *no less than* the payment that the Qualifying Claimant would receive under Option 1. Similarly, a Qualifying Claimant who chose Option 1 will receive *no less than* the fixed payment allocated to EPP Consumers, while also ensuring an equitable allocation among Qualifying Claimants and without exceeding available funds.

### D.  Claims Administration and Reporting

Upon determining the amount that each Qualifying Claimant is entitled to receive in the Initial Distribution, the Claims Administrator will compile the Qualifying Claimant information, including the names, addresses, states of residence, option selection, estimated spend under Option 2, eligibility, allocated share from each settlement, and payment method selection for each Qualifying Claimant ("Payment List").

14

The Claims Administrator will prepare a final report for the Court's review and approval, to be submitted with the States' motion for final approval of this Allocation and Distribution Plan. The report will explain the tasks and methodologies employed by the Claims Administrator in processing the claims and determining the amounts for the Initial Distribution. It will also contain the following in redacted form: (1) a list of the Consumers (if any) who submitted Claim Forms that were rejected, adjusted, or changed and the reasons for that action; (2) a list of challenges (if any) made by Claimants, and the disposition of any such challenges; and (3) the date the final decision on any Claimant's challenge was communicated to the Claimant by the Claims Administrator, for purposes of calculating the timeliness of any appeal using the procedure for resolving disputes set forth above. Additionally, the Claims Administrator will provide reasonable assurances that the Payment List: (a) was compiled in accordance with the Allocation and Distribution Plan; (b) is accurate as to Qualifying Claimants' name, address, state of residence, eligibility, option selection, and estimated spend under Option 2; and (c) provides all information necessary to make a payment equal to the amount of the available Consumer Restitution Funds allocated to such Qualifying Claimant from the settlements for which the Qualifying Claimant is an Eligible Consumer.

### IV. DISTRIBUTION (PAYMENT) OF FUNDS

#### A.  <u>Timing of the Initial Distribution</u>

At the appropriate time, the Escrow Agent will make the Initial Distribution payment to Qualifying Claimants. Specifically, at the direction of the Claims Administrator and the States, the Escrow Agent will make an Initial Distribution of the Consumer Restitution Funds to Qualifying Claimants after the following: (1) expiration of the Claims Deadline and receipt of all timely Claim

Forms[15] by the Claims Administrator; (2) review of the Claim Forms by the Claims Administrator; (3) determination of the amounts recommended to be paid to each Qualifying Claimant (*e.g.*, based on the option selected on the Claim Form and eligibility for the applicable settlements); (4) the resolution of any disputes; and (5) final approval of this Allocation and Distribution Plan by the Court.

## B. Consumer Payments

Upon the Court's issuance of an Order granting final approval of the Allocation and Distribution Plan and directing payment to Qualifying Claimants as provided in the Claims Administrator's report to the Court, the States will direct the Claims Administrator and Escrow Agent to commence distribution of payment to Qualifying Claimants pursuant to payment selections provided on the Qualifying Claimants' Claim Forms. All checks issued to Qualifying Claimants by the Escrow Agent will bear a stale date of one hundred eighty (180) days.

Once payment is issued by the Claims Administrator, a Claimant will have one hundred eighty (180) days to claim the payment. If a Claimant *does not* cash their check or otherwise accept receipt of the payment within one hundred eighty (180) days, the payment will be cancelled and will remain in the Consumer Restitution Funds in the state escrow and be added to the balance available for future distribution to Eligible Consumers. A Claimant may request the payment be reissued by contacting the Claims Administrator within ninety (90) days of the expiration date on the initial payment. If the Claimant does not contact the Claims Administrator to request the payment be reissued within ninety (90) days of the initial payment expiration date, the Claimant loses all claims to the payment, and the payment amount will remain in the Consumer Restitution

---

[15] The Claim Form is attached as Exhibit C to the Declaration of Tiffaney Janowicz in Support of States' Motion for Preliminary Approval of an Allocation and Distribution Plan and will be available on the settlement website at www.AGGenericdrugs.com.

16

Funds. Thereafter, the Claimant may submit a new updated claim and will only be entitled to a payment amount based on the funds available in future distributions taking place after the filing of the new claim.

## C.  Subsequent Distributions

All valid Claim Forms submitted by the Initial Claims Deadline will also be considered for all future distributions. Any amount distributed and paid to a Qualifying Claimant will be deducted in any future distributions, allowing new Qualifying Claimants priority to catch up to the amount the new Qualifying Claimants would have received in past distributions. A Claimant's eligibility is determined based on the purchase of any Drugs at Issue that was manufactured by any Defendant in the States' Actions and does *not* depend on which Drug at Issue was purchased or whether the drug purchased was manufactured by a Defendant that is a party to a settlement or a judgment. If possible and to the extent feasible, all equally situated Qualifying Claimants should receive an equal share of the funds obtained in the States' Actions that are allocated to the Consumer Restitution Fund, consistent with their eligibility and elections, by the time a final distribution is completed in the States' Actions.

## D.  Exclusions and Objections

Eligible Consumers who wish to exclude themselves ("opt-out") from the Allocation and Distribution Plan and the States' Actions can submit a single, valid exclusion request before the Opt-Out Deadline (which will be posted on the website), regardless of whether they previously opted-out of one or more of the prior settlements in the States' Actions. A valid exclusion request will be deemed an exclusion from the States' Actions and from all settlements included in the Allocation and Distribution Plan, and the Consumer will not be eligible to submit a claim or receive payment under the Plan. An exclusion from one or more settlements in the States' Actions will also

17

be deemed an exclusion from seeking a claim under those settlements under the Allocation and Distribution Plan. The website will provide further instructions on how an Eligible Consumer can opt-out from the settlements in the States' Actions.

Eligible Consumers who want to comment on or object to any aspect of the Allocation and Distribution Plan, can file a written objection or comment with the Court on or before the Objection Deadline (which will be posted on the website). The website will provide further instructions on how an Eligible Consumer can file an objection to or comment on the Allocation and Distribution Plan. Objecting does not disqualify the Eligible Consumer from making a claim nor does it make them ineligible to receive a payment.

### E. <u>Release of Claims</u>

Payment pursuant to the Allocation and Distribution Plan will be conclusive against all Claimants. No person will have any claim against the State Attorneys General, the Claims Administrator, or any other person designated by the States based on distributions made substantially in accordance with the Allocation and Distribution Plan, or further orders of the Court.