**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

THE STATE OF CONNECTICUT; THE STATE OF ALASKA; THE STATE OF ARIZONA; THE STATE OF ARKANSAS; THE STATE OF CALIFORNIA; THE STATE OF COLORADO; THE STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; THE STATE OF FLORIDA; THE STATE OF GEORGIA; THE TERRITORY OF GUAM; THE STATE OF HAWAII; THE STATE OF IDAHO; THE STATE OF ILLINOIS; THE STATE OF INDIANA; THE STATE OF IOWA; THE STATE OF KANSAS; THE COMMONWEALTH OF KENTUCKY; THE STATE OF LOUISIANA; THE STATE OF MAINE; THE STATE OF MARYLAND; THE COMMONWEALTH OF MASSACHUSETTS; THE STATE OF MICHIGAN; THE STATE OF MINNESOTA; THE STATE OF MISSISSIPPI; THE STATE OF MONTANA; THE STATE OF NEBRASKA; THE STATE OF NEVADA; THE STATE OF NEW HAMPSHIRE; THE STATE OF NEW JERSEY; THE STATE OF NEW MEXICO; THE STATE OF NEW YORK; THE STATE OF NORTH CAROLINA; THE STATE OF NORTH DAKOTA; THE COMMONWEALTH OF THE NORTHERN MARIANA ISLAND; THE STATE OF OHIO; THE STATE OF OKLAHOMA; THE STATE OF OREGON; THE COMMONWEALTH OF PENNSYLVANIA; THE COMMONWEALTH OF PUERTO RICO; THE STATE OF RHODE ISLAND; THE STATE OF SOUTH CAROLINA; THE STATE OF TENNESSEE; THE STATE OF UTAH; THE STATE OF VERMONT; THE COMMONWEALTH OF VIRGINIA; THE STATE OF WASHINGTON; THE STATE OF WEST VIRGINIA; THE STATE OF WISCONSIN; and U.S. VIRGIN ISLANDS,

*Plaintiffs*,

v.

No. 3:20-cv-00802-MPS

| |
|---|
| SANDOZ, INC.; ACTAVIS HOLDCO US, INC.; ACTAVIS ELIZABETH LLC; ACTAVIS PHARMA, INC.; AMNEAL PHARMACEUTICALS, INC.; AMNEAL PHARMACEUTICALS, LLC; ARA APRAHAMIAN; AUROBINDO PHARMA U.S.A., INC.; BAUSCH HEALTH AMERICAS, INC.; BAUSCH HEALTH US, LLC; MITCHELL BLASHINSKY; DOUGLAS BOOTHE; FOUGERA PHARMACEUTICALS INC.; GLENMARK PHARMACEUTICALS INC., USA; JAMES (JIM) GRAUSO; GREENSTONE LLC; G&W LABORATORIES, INC.; WALTER KACZMAREK; ARMANDO KELLUM; LANNETT COMPANY, INC.; LUPIN PHARMACEUTICALS, INC.; MALLINCKRODT INC.; MALLINCKRODT LLC; MALLINCKRODT plc; MYLAN INC.; MYLAN PHARMACEUTICALS INC.; KURT ORLOFSKI; MICHAEL PERFETTO; PERRIGO NEW YORK, INC.; PFIZER INC.; SUN PHARMACEUTICAL INDUSTRIES, INC.; TARO PHARMACEUTICALS USA, INC.; TELIGENT, INC.; ERIKA VOGEL-BAYLOR; JOHN WESOLOWSKI; and WOCKHARDT USA LLC, |
| *Defendants*. |

**RULING ON PLAINTIFF STATES' MOTION IN LIMINE NO. 8, PLAINTIFF STATES' MOTION IN LIMINE NO. 24, DEFENDANTS' MOTION IN LIMINE NO. 3, AND DEFENDANTS' MOTION IN LIMINE NO. 26**

This ruling addresses the States' Motion in Limine No. 8 to Preclude Any Reference to Anthony Polman's Unrelated Arrest, Death, and Their Surrounding Circumstances (ECF No. 1595-1 at 18–22); the States' Motion in Limine No. 24 to Admit Certain Statements in Polman's Interview Memoranda (ECF No. 1595-1 at 41–42); the Defendants' Motion in Limine No. 3 to Preclude Evidence and Argument Concerning FBI Forms FD-302 and USPS OIG Interview Memoranda (ECF No. 1618); and the Defendants' Motion in Limine No. 26 to Exclude Testimony from Witnesses Not Identified in Discovery Responses or the Parties' Joint Pretrial

Memorandum (ECF No. 1629). For the reasons set forth below, I will allow the States to introduce certain statements in the USPS OIG interview memoranda of Anthony Polman.

## I. BACKGROUND

The States' Motion in Limine No. 8 seeks to preclude evidence of Anthony Polman's 2018 arrest and subsequent death—and the circumstances surrounding them—on the grounds that such information is irrelevant and unfairly prejudicial. The States' Motion in Limine No. 24 asks the Court to admit certain of Anthony Polman's statements contained in the 2017 United States Postal Service Office of Inspector General ("USPS OIG") interview memoranda. The States argue that these memoranda, like FBI 302s, are admissible as public records and business records and Polman's statements therein are self-inculpatory and thus admissible under Federal Rule of Evidence 804(b)(3)(A). *See* ECF No. 1595-1 at 41–42.

Taking the contrary position, the Defendants' Motion in Limine No. 3 seeks to preclude evidence and argument concerning these same USPS OIG interview memoranda on the grounds that the memoranda embody multiple levels of hearsay, are unfairly prejudicial, and were produced after the close of discovery. *See* ECF No. 1618. And the Defendants' Motion in Limine No. 26 seeks to exclude testimony at trial by any current or former employee of the USPS OIG on the grounds that no such witnesses have been identified in any of the States' discovery responses or in the Joint Pretrial Memorandum. The Court assumes familiarity with the briefs and the record; the Court held oral argument on the admissibility of the USPS OIG memoranda on November 12, 2026. The Court sets forth the following only in as much detail as necessary to show its reasoning.

## II. DISCUSSION

Here I am presented with four chief issues: first, whether the USPS OIG memoranda qualify as business records or public records; second, whether Mr. Polman's statements were "against interest"; third, whether the Defendants can introduce evidence to impeach Mr. Polman

under Rule 806; and fourth, what statements in the USPS OIG memoranda, if any, satisfy Rule 804(b)(3) as true statements against interest.

I conclude that the memoranda are public records. Federal Rule of Evidence 803(8) stipulates that a record or statement of a public office is admissible if it sets out a "matter observed while under a legal duty to report" and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Here, an employee of the USPS OIG and Assistant Special Agent in Charge of the Investigations Operations Division has affirmed that the "creation and maintenance" of the memoranda are part of "official duties as required under USPS OIG policy, which requires the documentation of matters observed during investigations into fraud, waste, and abuse." ECF No. 1595-28 at 2. Documenting the findings and observations of these interviews are, therefore, part of USPS OIG staff's "legal duties."

The cases cited by both Plaintiffs and Defendants liken USPS OIG memoranda to FBI 302s, a type of report routinely admitted in civil cases. *See Picard v. Sage Realty*, 2021 WL 6052422, at *3 (S.D.N.Y. Dec. 21, 2021) ("FBI 302 reports may be admissible as public record under Fed. R. Evid. 803(8)"); *Upstate Shredding, LLC v. Northeastern Ferrous, Inc.*, 2016 WL 865299, at *13 (N.D.N.Y. Mar. 2, 2016) ("The 302 Report itself is admissible as a business record or a public record."); *Morant v. City of New Haven*, 2026 WL 1108118, at *21 (D. Conn. Apr. 23, 2026) ("Courts within the Second Circuit have found that FBI reports are included within FRE 803(8)'s public records exception."). Because I find the memoranda admissible as public records, I do not address whether they are business records.

I next address whether Mr. Polman's statements (or at least some of them) fall within Federal Rule of Evidence 804(b)(3). Under Rule 804(b)(3), a statement of an unavailable witness is admissible if "a reasonable person in the declarant's position" would have made the statement

"only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to *civil* or criminal liability." (emphasis added). Mr. Polman's statements to federal authorities and investigators, including the United States Department of Justice, exposed him at least to civil liability. As discussed at oral argument, by the time Mr. Polman met with investigators, the States had already filed the *Heritage* complaint, *see* Compl., *Connecticut et al v. Aurobindo Pharma USA, Inc. et al*, No. 16-cv-2056 (D. Conn. Dec. 15, 2016), ECF No. 1.

All three major antitrust lawsuits before me involving generic drug manufacturers name individuals as defendants, not just their corporate employers. Despite counsel's protestations at oral argument, I am unconvinced that a reasonable person would not have feared the exact kind of civil liability the individual defendants in these three suits now face. Mr. Polman had no reason to believe he would be protected from civil liability and no reason to believe that his statements to USPS OIG investigators would be confidential. *See* ECF No. 1097-8. The proffer letter Mr. Polman received and signed on February 22, 2017, makes no such promises. *See id.* Some of Mr. Polman's statements exposed him to civil liability and thus qualify as statements against interest under Rule 804(b)(3).

The Court also finds that select statements subjected Mr. Polman to criminal liability. It is true that Mr. Polman's proffer agreement protected him against the direct use of admissions made in his interviews. But the agreement is narrow. The agreement states that "no statement made by [him] during the interview" would be used "*directly* against [him] in any legal proceeding," but makes clear that the United States remained free to use the statements for impeachment or rebuttal and "free to use any information directly or indirectly derived [from the statements] in any

subsequent prosecution of [him] or others." ECF No. 1097-8 at 2 (emphasis added). The letter further explains that the United States "may use any statements made in the interview in a prosecution of [him] for making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or perjury (18 U.S.C. § 1621)." *Id.* The risk of Mr. Polman's own statements being used against him in a prosecution—whether through the use of the statements to develop other evidence against him or for impeachment or rebuttal—remained. For both reasons of exposing himself to civil liability and criminal liability, at least some of Mr. Polman's statements, as recorded in the USPS OIG memoranda, are admissible under Rule 804(b)(3).

This ruling largely moots the Defendants' Motion in Limine No. 26. *See* ECF No. 1629 (seeking to exclude testimony at trial of any current or former employee of the USPS OIG). As outlined, though the memoranda—at first glance—appear to be double hearsay, both levels of out-of-court statements are admissible under the Federal Rules of Evidence: the memoranda are admissible as public records and any true statements against interest are admissible under Rule 804(b)(3). Nonetheless, if the States wish to call a USPS OIG witness, they must notify the Defendants on or before January 5, 2027. Any witness identified after this point will not be permitted to testify. If a witness is identified, Defendants may depose the witness on or before January 26, 2027.

The third issue is whether the Defendants can introduce evidence to impeach Mr. Polman under Rule 806. Especially because they did not have the opportunity to interview or depose Mr. Polman, I find that the Defendants may introduce some evidence from the Buffalo Police investigation to impeach Mr. Polman on the theory that his awareness of that investigation gave him some incentive to curry favor with the federal government in the hope it might seek leniency

on his behalf with respect to any state charges growing out of the Buffalo investigation. The parties shall meet and confer on ways to avoid wasting time on laying the foundation for the authenticity of the USPS OIG memoranda and documents that may be used to impeach. *See, e.g.*, ECF Nos. 1097-5, 1097-6. The Defendants may not elicit the nature or name of the particular offense for which Mr. Polman was under investigation by the Buffalo Police Department. *See* Fed. R. Evid. 403. The Defendants may elicit evidence by showing, or by reaching a stipulation, that Mr. Polman was under investigation for a felony offense and was aware of that fact at the time he met with USPS OIG investigators. For similar reasons, no party may introduce evidence of the nature or circumstances surrounding Mr. Polman's death, although they may introduce evidence (or stipulate) that Mr. Polman is now deceased. *See* Fed. R. Evid. 403.

Last, I must determine which statements the parties have identified indeed satisfy Rule 804(b)(3). I reserve for now; I will rule on this issue at a later date.

## III. CONCLUSION

For these reasons, the States' Motion in Limine No. 8 is GRANTED in part and DENIED in part; the Defendants may bring to light that Mr. Polman was under investigation for a separate, non-antitrust felony offense and that he has since died. The Defendants may not introduce evidence of the specific offense or cause of death. The States' Motion in Limine No. 24 is GRANTED, but I reserve on which of Mr. Polman's statements to admit under Rule 804(b)(3). The Defendants' Motion in Limine No. 3 is DENIED as to their request to exclude statements in the USPS OIG memoranda on Mr. Polman.[1] And last, the Defendants' Motion in Limine No. 26 is reserved. If the Plaintiff States identify the witness they aim to have testify on or before January 5, 2027, such

[1] The States "seek to admit only certain portions of USPS OIG interview memoranda on Anthony Polman," not any other federal government interview memoranda. *See* ECF No. 1695 at 32. Thus, this ruling addresses only the admissibility of the USPS OIG memoranda of Anthony Polman, ECF Nos. 1595-8, 1595-9, 1595-10, and 1595-11.

testimony shall be admissible. If the Plaintiff States do not identify a witness by this date, the Defendants' Motion in Limine No. 26 will be granted.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
November 23, 2026